# IN THE COURT OF APPEALS OF IOWA

No. 13-0607
Filed May 29, 2014

**GREGORY SHARKEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Applicant appeals the district court's grant of summary judgment to the State on his request for postconviction relief from his conviction for assault while participating in a felony. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney General, Ralph Potter, County Attorney, and Brigit Barnes, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Gregory Sharkey appeals the district court's grant of summary judgment to the State on his request for postconviction relief (PCR) from his conviction for assault while participating in a felony. He claims summary judgment was inappropriate because there is a genuine issue of material fact as to whether he received ineffective assistance because defense counsel permitted him to plead guilty when there was not a sufficient factual basis for his guilty plea. We affirm.

### I. Background Facts & Proceedings

According to the minutes of evidence, on December 15, 2007, Sharkey entered Travis Bottom's home without the right or privilege to do so. Bottom asked Sharkey to leave, but he refused, stating "the cops are looking for me." While in the home, Sharkey assaulted Bottom by kicking and punching him, causing a laceration to Bottom's lower lip. The assault was observed by two eyewitnesses. After the assault, Sharkey ran from the home but was soon apprehended by police officers.

Sharkey was charged with first-degree burglary. Pursuant to a March 14, 2008 plea agreement, he entered an *Alford* plea[1] to the reduced charge of assault while participating in a felony, in violation of Iowa Code section 708.3 (2007). The court accepted Sharkey's plea. The case immediately proceeded to

---

[1] In an *Alford* plea, a defendant may consent to the imposition of a prison sentence without admitting to participating in the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

sentencing, and Sharkey was sentenced to five years in prison.[2] He did not appeal his conviction.

On March 14, 2011, Sharkey filed a PCR application. He raised several claims of ineffective assistance, including a claim defense counsel should not have permitted him to plead guilty because there was not a sufficient factual basis for his plea. The State filed a motion for summary judgment. After a hearing, the court granted the motion, finding "there are no material facts that are in dispute and that the State is entitled to judgment as a matter of law." Sharkey now appeals the decision of the district court.

## II. Standard of Review

We review a district court's grant of summary judgment in a PCR action for the correction of errors of law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To the extent, however, an application raises a constitutional claim, such as ineffective assistance of counsel, our review is de novo. *Id.*

## III. Merits

Sharkey contends the district court should not have granted the State's motion for summary judgment because there is a genuine issue of material fact as to whether he received ineffective assistance because defense counsel permitted him to plead guilty when there was not a sufficient factual basis for his guilty plea to assault while participating in a felony. To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed

---

[2] Sharkey had accumulated a number of other charges, and he entered into a comprehensive plea agreement. His sentence for assault while participating in a felony was made concurrent to his sentences on other charges.

to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

We note Sharkey has not offered nor does he claim to have additional facts not in the summary judgment record to support his arguments. Sharkey first claims the record does not disclose the felony the State alleged he was participating in at the time of the assault. The amended trial information alleged Sharkey "assaulted Travis Bottom, while participating in a burglary, a felony." The State specified it was alleging Sharkey committed an assault while participating in the felony of burglary. Thus, there is no genuine issue of material fact on this issue. *See Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002) (stating summary judgment in PCR proceedings is appropriate "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"). Sharkey has not shown he received ineffective assistance due to counsel's failure to raise this meritless issue. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

We turn then to Sharkey's alternative argument, whether the State was entitled to summary judgment on his claim he received ineffective assistance because defense counsel permitted him to plead guilty when there was not a sufficient factual basis to show he was participating in the felony of burglary. The offense of burglary is defined as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1.

In *Alford* pleas, as in guilty pleas, there must be a sufficient factual basis for the plea. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Id.* at 62. The record needs only to demonstrate facts to support the offense; there is no requirement to show guilt beyond a reasonable doubt. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

The minutes of evidence show Sharkey and Bottom were not previously acquainted when Sharkey abruptly entered Bottom's residence without permission. Bottom asked Sharkey to leave more than once, but Sharkey refused. Sharkey suddenly assaulted Bottom, kicking and punching him, and causing a laceration to his lower lip. The incident was observed by two witnesses. We determine the minutes demonstrate facts sufficient to show Sharkey was participating in the felony of burglary at the time he committed the assault. *See id.* Because there is a sufficient factual basis in the record to support Sharkey's guilty plea to assault while participating in a felony, there is no genuine issue of material fact on the issue of whether he received ineffective assistance of counsel.

We affirm the decision of the district court granting summary judgment to the State on Sharkey's request for postconviction relief.

**AFFIRMED.**