# IN THE COURT OF APPEALS OF IOWA

No. 15-1622
Filed August 17, 2016

**BRUCE EVAN MARTIN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Bruce Evan Martin appeals the district court's grant of the State's motion to dismiss his fourth postconviction-relief application. **AFFIRMED.**

Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Bruce Evan Martin appeals the district court's grant of the State's motion to dismiss his fourth postconviction-relief (PCR) application.

On Martin's third PCR action, a panel of this court provided the following summary of Martin's case:

> On December 1, 2003, Martin was charged with four counts of second-degree sexual abuse, in violation of Iowa Code section 709.3(2)(2003), which was later amended, adding one count of lascivious acts with a child in violation of [section] 709.8. In February 2004, Martin pled guilty to one count of second-degree sexual abuse and to lascivious acts, but was allowed to withdraw his guilty plea prior to sentencing. In June 2004, Martin again pleaded guilty to one count of second-degree sexual abuse and to lascivious acts, but subsequently asked to again withdraw his pleas. His request was denied and he was sentenced to a maximum indeterminate twenty-five year prison term for second-degree sexual abuse, and a five-year indeterminate prison term for lascivious acts with a child, the sentences to run concurrently.
>
> Martin filed an application for postconviction relief. The court granted the State's summary judgment motion in October 2006, dismissing the action. Martin did not appeal. Martin filed a second application for postconviction relief in January 2005, and an amended application in October 2006, claiming his trial counsel was ineffective in various ways, including failing to fully investigate the charges and obtain "possibly exculpatory" reports and documents. Following a trial on the merits, the district court denied the application, finding Martin, "failed to produce any evidence on relevant issues upon which this Court could find that the entry of his pleas were not voluntary and intelligently entered." Our supreme court dismissed his subsequent appeal as frivolous in March 2008. In June 2007, Martin filed a third application for postconviction relief, asserting he had "evidence to show my innocence in this crime." He again claimed trial counsel and now his second postconviction counsel were ineffective in failing to investigate "numerous documents" relevant to the charges. Granting the State's motion for summary disposition, the district court denied Martin's third application for postconviciton relief.

*Martin v. State*, No. 09-0014, 2009 WL 5126344, at *1 (Iowa Ct. App. Dec. 30, 2009) (footnotes omitted). On that appeal of his third PCR action, a panel of this

court "agree[d] with the postconviction court's findings that summary disposition was appropriate because Martin's claims of his innocence d[id] not undermine the validity of his guilty plea." *Id.* at *2.

In this, his fourth PCR application, Martin raised numerous grounds for relief, including newly discovered evidence. The State filed for summary dismissal, contending this fourth PCR "raises no new issues," "is barred by the statute of limitations as it has been filed more than [three] years after the entry of judgment," and does "not allege[] as the basis for relief any information which could not have been discovered prior to the statute of limitations expiring." Following a hearing held September 4, 2015, the PCR court issued a ruling granting the State's motion, holding "[t]his matter was clearly filed outside the three year period. There has been no showing that this filing fits within the 'exception of a ground of fact or law that could not have been raised within the applicable time period, such as newly discovered evidence.'" Martin appeals.

On appeal, Martin argues summary dismissal was improper, as the grounds raised in his fourth PCR application had not been previously raised and were based on documents not previously seen by the court and not previously in existence or available to him. Martin contends he should have been granted the opportunity to proceed to an evidentiary hearing on the merits.

In a PCR action, the PCR court may grant a motion for summary disposition when it appears from the record as a whole that there is no genuine issue of material fact. *Manning v. State*, 654 N.W.2d 555, 559-60 (Iowa 2002). PCR proceedings, including summary dismissal of PCR applications, are

generally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

Iowa Code section 822.3 (2015) provides a PCR action must be commenced "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) ("A reasonable interpretation of [Iowa Code section 822.3] compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way." (citation omitted)).

To fall within the section 822.3 time-bar exception, Martin must demonstrate "the alleged ground of fact could not have been raised earlier" and "a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). To show the facts could not have been raised earlier, Martin must prove "they were discovered after [his conviction] and that they could not have been discovered earlier than they were discovered in the exercise of due diligence." *Id.* at 521. The only exception Martin alleges on appeal is newly discovered evidence.

A PCR application based on newly discovered evidence is subject to the same analysis as a motion for new trial based on the same. *Schawitsch v. State*, No. 11-0743, 2012 WL 1439223, at *3 (Iowa Ct. App. Apr. 25, 2012) ("It is obvious the legislature intended the sufficiency of the showing necessary to obtain a new trial based on newly discovered evidence to be the same whether

the ground is raised in a motion for new trial or in a postconviction application." (quoting *State v. Sims*, 239 N.W.2d 550, 555 (Iowa 1976))). To prevail on a newly-discovered-evidence claim, Martin must show the proffered evidence (1) was discovered after the verdict, (2) could not have been discovered "earlier in the exercise of reasonable diligence," (3) "is material to the issues in the case and not merely cumulative or impeaching," and (4) "probably would have changed the result of the trial in which [he] was convicted." *State v. Weaver*, 554 N.W.2d 240, 246 (Iowa 1996); *see also State v. Romeo*, 542 N.W.2d 543, 550 (Iowa 1996). While this standard applies to a substantive PCR claim based on newly discovered evidence under section 822.2(1)(d), our supreme court has expressly rejected "any requirement that an applicant must show the ground of fact [under section 822.3] would likely or probably have changed the outcome of the underlying criminal case in order to avoid a limitations defense." *Harrington*, 659 N.W.2d at 521.

As an initial matter, Martin's fourth PCR application contains numerous allegations Martin could have raised, or did raise, on previous applications within the statute of limitations—that his confession was coerced, there were no sexual abuse police reports from the time period during which the offenses occurred (1995 to 1996), and he was incarcerated at the time of the offense. These allegations, on their own, are barred by the statute of limitations.

While Martin concludes he "could not raise the issues he raises in his prior postconviction action, because the new documents . . . were not in existence or previously available to him," Martin provides no explanation or support for why this information could not have been discovered, in the exercise of reasonable

diligence, at the time of Martin's plea or during Martin's three previous PCR actions. Martin describes the documents provided as "agency documents," most of which appear to be police reports, transcripts, and documents from various states' departments of human services. These documents are dated anywhere from 1994 to 2007. Martin also provides documents from various agencies and police departments responding to his request for records, dated from 2006 to 2013, that indicate a search of their records uncovered no information regarding child abuse filings made against him. Beyond his conclusory statements, Martin has wholly failed to explain how this information is relevant to his guilty plea or why it could not have been discovered in the exercise of reasonable diligence within the requisite limitations period.

Moreover, the record reflects that at least some of these documents were in Martin's possession at the time of his last PCR application. *See Martin*, 2009 WL 5126344, at *2 (quoting the PCR court as noting Martin argues the documents presented "demonstrate his innocence in that no reports with regard to his asserted sexual abuse of [the minor] surfaced until 2002 or 2003 relating to acts supposedly taking place in 1995 or 1996"). Ultimately, even when construing the material available in the light most favorable to Martin, as we must, *see Manning*, 654 N.W.2d at 560, Martin has failed to demonstrate the evidence was newly discovery, not previously discoverable, or that said evidence requires vacation of his plea in the interest of justice under Iowa Code section 822.2(1)(d). *See Walters v. State*, No. 12-2022, 2014 WL 69589, at *6 (Iowa Ct. App. Jan. 9, 2014) (concluding the defendant's claim the newly discovered evidence was a new ground of fact that could not have been timely raised was

misplaced, as the ground of fact in his claim was "actual innocence," the newly discovered evidence was merely evidence supporting this claim, the defendant had already waived his claim of innocence by pleading guilty and, even if the new evidence could be considered a ground of fact in avoidance of the statute of limitations, justice required that his conviction based on a guilty plea that satisfied all legal requirements could not be successfully challenged in a PCR action based on the evidence proffered).

**AFFIRMED.**