# IN THE COURT OF APPEALS OF IOWA

No. 15-0633
Filed September 28, 2016

**MAURICE WILLIAMS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

Maurice Williams appeals the district court's dismissal of his

postconviction relief applications. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

We must decide whether the district court erred in dismissing postconviction-relief applications on statute-of-limitations grounds and for failure to state a claim.

## I.    *Background Proceedings*

Maurice Williams went to trial on two counts of first-degree robbery and one count of possession of a firearm as a felon. Towards the end of trial, he pled guilty to the charges. The district court sentenced him to two twenty-five-year prison terms with seventy percent mandatory minimum terms on the robbery counts and a prison term not exceeding five years on the firearm count, to be served concurrently. Williams appealed. The appeal was dismissed as frivolous, and procedendo issued on December 7, 2011.

Williams filed two postconviction-relief applications in August and September 2014. He alleged his attorney was ineffective in informing him about the minimum sentence on the robbery counts. At a hearing on the applications, the prosecutor moved to dismiss the petitions on statute-of-limitations grounds and for failure to state a claim. The district court granted the motion on both grounds and Williams appealed.

## II.    *Analysis*

### A.    *Statute of Limitations*

A postconviction relief application "must be filed within three years from . . . the date the writ of procedendo is issued." Iowa Code § 822.3 (2013). As noted, procedendo issued in December 2011 and Williams filed his applications in August and September 2014, well within the three-year time limit. Based on

these dates, the State concedes the district court erred in dismissing the applications on statute-of-limitations grounds.

### B.      Failure to State a Claim

Williams's postconviction-relief applications raised the following claim:

The [plea] deal was explained to me as such: If I was to plead guilty and stop the trial immediately, I would receive a sentence of 40 years with a mandatory of 7 years minimum.
    I agreed to these terms and pl[e]d guilty. Upon sentencing, I was stunned as the Judge ruled for me to receive a sentence of 25 years, with a 17 1/2 year mandatory minimum.
    Had I known this would have been the outcome of the case, I would have continued with my trial. I feel as though I had ineffective assistance of counsel . . . .

Williams reiterated this claim at a hearing on his applications. He said he pled guilty with the understanding the plea agreement included an agreement of a "forty-year sentence with a seven-year mandatory." The district court characterized the claim as follows: "Applicant claims he would not have pled guilty had he known the Court would not follow the plea agreement." The court found "no merit" to this claim because Williams "knew at the time of his guilty plea that there was no plea agreement between the parties and that his sentence would be determined by the sentencing judge" and understood the robbery counts "carried maximum sentences of twenty-five years each and mandatory minimum sentences of seventy percent." The court concluded Williams failed to state a claim on which relief could be granted.

Williams argues the district court erred in dismissing his applications for failure to state a claim. In his view, the court "wrongly characterized [his] claim as being that he would not have pled guilty had he known that the court was not going to follow the plea agreement." His real argument, he asserts, was that

"trial counsel did not effectively inform him of the possibility of the Court not following the plea agreement or [his] lack of understanding in that regard." He contends his "private conversations with counsel and internal understanding or misunderstanding of what [wa]s explained to him cannot be determined from a look at the written record" and, accordingly, he "should have been afforded the opportunity to present further evidence regarding his off the record discussions with counsel and understanding of the plea agreement as well as any reasons he may have had for entering into the plea negotiation and what benefit he may or may not have derived" from the plea agreement.

Williams' argument is appealing at first blush because if there was a plea agreement about which he was misinformed, an evidentiary hearing generally would be required to elucidate the details. *See Manning v. State*, 654 N.W.2d 555, 562 (Iowa 2002) ("[W]hen claims of ineffective assistance of counsel are properly raised in a postconviction relief application, an evidentiary hearing on the merits is ordinarily required." (citation omitted)); *cf. Borgstede v. State*, No. 10-2109, 2011 WL 4379266, at *3 (Iowa Ct. App. Sept. 21, 2011) (affirming summary disposition of postconviction relief application alleging the plea was coerced where "the record directly contradict[ed] the claim" that the "guilty plea was unintelligent and involuntary"). But, there was no plea agreement.

Williams pled guilty to the robbery and firearm charges without reaching a plea deal with the State. The district court confirmed this fact with counsel and Williams. First, the court sought verification that there was "no plea agreement and that all parties [would] be free to argue for concurrent or consecutive sentences." The prosecutor and defense attorney agreed with this statement.

Then, the court addressed Williams directly, as follows: "Mr. Williams, you understand that there is no plea agreement. . . . You understand that?" Williams responded, "Yes. Yes." In the absence of a plea agreement, Williams could not have been misinformed about its terms.

That said, defense counsel could have misinformed Williams about the sentences on the robbery counts even in the absence of a plea agreement. Assuming without deciding counsel provided incorrect information about the robbery sentences before Williams decided to plead guilty, there is a reasonable probability Williams would still have pled guilty because the district court gave him correct information about his sentences during a detailed plea colloquy. *See Castro v. State*, 795 N.W.2d 789, 793, 795 (Iowa 2011) ("[C]riminal defendants who seek postconviction relief after pleading guilty must establish the guilty plea would not have been entered but for the breach of duty by counsel" and "[a] plea colloquy that covers the specific ground subsequently raised in a postconviction relief application would normally support summary judgment on those grounds"). The court asked Williams if he understood the robbery counts "are twenty-five-year sentences." Williams questioned, "Both of them?" The court responded, "Each one of them is twenty-five years. You understand that?" Williams responded, "Yes." The court also asked him if he understood there was a mandatory prison sentence. Williams answered, "Yes." The court then asked, "[D]o you understand that each one of [the counts] also carries a seventy percent minimum, meaning there is a minimum sentence of seventeen and a half years. Do you understand that?" Williams answered, "Yes." Finally, the district court asked Williams if he understood it would be up to the sentencing judge "to

determine an appropriate sentence." Williams responded affirmatively. In light of these responses, Williams would be hard-pressed to argue any misinformation from counsel about the robbery sentences affected his decision to plead guilty. *See Borgstede*, 2011 WL 4379266, at *3 ("Here, the plea colloquy covered the specific ground now asserted by the applicant and summary judgment could properly be granted."). Because Williams did not establish prejudice, his ineffective-assistance-of-counsel claim against plea counsel fails. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring proof of a breach of an essential duty and prejudice). His alternate claim against postconviction counsel for failing to specify the precise nature of his claim also fails for the same reason.

We affirm the district court's summary disposition of Williams' postconviction-relief applications for failure to state a claim.

**AFFIRMED.**