**Leighton MANNING, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 01–1245.

Supreme Court of Iowa.

Dec. 18, 2002.

Linda Del Gallo, State Appellate Defender and David Arthur Adams, Assistant Appellant Defender, Leighton Manning, pro se, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Thomas J. Ferguson, Black Hawk County Attorney and Kimberly A. Griffith, Assistant County Attorney, for appellee.

LAVORATO, Chief Justice.

In this postconviction proceeding, Leighton Manning appeals from a district court judgment dismissing his application for postconviction relief. His sole challenge is that the district court should not have summarily dismissed his application without affording him an evidentiary hearing. Under the circumstances here, we agree. We therefore vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case.

### I. Criminal Proceedings.

In May 1997, the State charged Manning with possession of a controlled substance (cocaine) with intent to deliver and failure to affix a drug tax stamp. Later, the State added an allegation that Manning was subject to sentencing provisions as a second offender. Seven months later, the State charged Manning with identical criminal charges and later added the second offender allegation.

In January 1998, Manning's counsel filed a motion to suppress and motions to dismiss. The record reveals no disposition of these motions.

In February 1998, Manning withdrew his not guilty pleas and entered guilty pleas. The district court sentenced Manning to serve a seventy-five-year term on each possession count concurrently with a five-year term on each failure to affix a drug tax stamp count. The sentences in each criminal case were to run concurrently.

Manning appealed. Following the appeal, his appellate appointed counsel moved to withdraw pursuant to Iowa Rule of Appellate Procedure 104 (now rule 6.104). Appellate counsel informed Manning by letter of the motion. In that letter, counsel also informed Manning that if he disagreed with counsel's conclusions about the merits of Manning's appeal, Manning must write the Iowa Supreme Court clerk to request another attorney and to raise "any points which you believe support your appeal." Manning did write the clerk, requested new appellate counsel, and raised several claims that his trial counsel was ineffective. Later, this court dismissed the appeal as frivolous.

### II. Postconviction Proceedings.

Following the dismissal, Manning filed a pro se application for postconviction relief, raising eight grounds. Five of those grounds pertained to ineffective assistance of trial counsel and three related to claims of alleged vindictiveness by the State. The State moved to dismiss and Manning's court-appointed counsel filed a one-page resistance to the motion. The district court set the State's motion for hearing.

Several months following the State's motion and appointed counsel's resistance, Manning filed a pro se "amended and substituted application for postconviction re-

lief." In the motion, Manning claimed his appellate counsel was ineffective for failing to raise on direct appeal claims of ineffective assistance of trial counsel.

In a memorandum of law filed a little more than one month after the amended-substituted application, Manning resisted the State's "motion for summary judgment." Additionally, Manning asserted that his claim of ineffective assistance of counsel required that he be allowed latitude and further discovery to determine the reason behind counsel's "no-negotiated guilty plea." Manning also asserted that summary disposition of a postconviction relief claim is not proper if a material issue of fact exists, citing Iowa Code section 822.6. He also asserted that claims of ineffective assistance of counsel involved issues of fact and law and for that reason he should be allowed "an opportunity to discover whether such factual allegations are true." Manning then raised ineffective assistance of appellate counsel as his reason for not raising his postconviction claims on appeal. Finally, he reiterated his postconviction claims of ineffective assistance of trial counsel as we earlier mentioned.

Eleven days after Manning filed his pro se memorandum of law, the district court entered an order dismissing Manning's application for postconviction relief. The order recites that an assistant county attorney appeared for the State and Manning's postconviction counsel appeared for Manning. The order further recites that "[t]he matter proceeded to hearing by the Court's review of the court file only." Apparently, the hearing was unreported because we have no record of the proceeding.

After setting out the standards for ineffective assistance of counsel, the district court concluded in its dismissal order:

> In effect, [Manning] is claiming that the trial counsel was ineffective for not

seeking any plea agreement and in failing to properly advise him of the potential for the maximum sentence allowed. Additionally, [Manning] is claiming that appellate counsel was ineffective for failing to raise these issues on appeal. As previously noted in the court file [Manning] filed a direct appeal with the Iowa Supreme Court, which appeal was dismissed on April 4, 1999, pursuant to Rule 104 as being frivolous. Likewise, by pleading guilty, the petitioner waived all claims of ineffective assistance of counsel.

> From a review of the information and documentation provided, the Court cannot conclude that the petitioner has met his burden of proof in establishing ineffective assistance of trial or appellate counsel. Additionally, this Court cannot conclude that the petitioner has met his burden of proof in establishing that the requisite prejudice has resulted, whether counsel's representation was deficient or not. Accordingly, the petition should be dismissed.

Manning appealed, contending that the district court erred in dismissing his application for postconviction relief without affording him an evidentiary hearing. We transferred the case to the court of appeals, which affirmed. We granted Manning's application for further review.

### III. Issue.

The issue we must decide is whether the district court erred in dismissing Manning's application for postconviction relief without affording him an evidentiary hearing.

### IV. Scope of Review.

■ Our review in postconviction relief proceedings is for correction of errors at

law. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002).

## V. Applicable Law.

Iowa Code section 822.7 provides for a trial on the merits of a postconviction relief application. Iowa Code § 822.7 (1999). This section provides that (1) a record of the proceedings shall be made and preserved, (2) all rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties, (3) the court may receive proof of affidavits, depositions, oral testimony, or other evidence, and (4) the court may order the applicant brought before it for the hearing. *Id.* Additionally, the statute requires that after the hearing, the court shall make specific findings of fact and conclusions of law relating to each issue presented and then enter an appropriate order. *Id.*

However, Iowa Code section 822.6 provides for disposition of a postconviction relief application without a trial on the merits as provided for in section 822.7. Section 822.6 provides in relevant part:

Within thirty days after the docketing of the application [for postconviction relief] . . . the state shall respond by answer or by motion which may be supported by affidavits. . . .

. . . .

[Paragraph 2] When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.

[Paragraph 3] The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Iowa Code § 822.6.

■ As is apparent from this language, two methods are available for disposition of postconviction relief applications without a trial on the merits. The first method, found in paragraph two, allows for such disposition *on the court's initiative*, and entitles the applicant to notice of the court's intention to dismiss the application and its reasons for dismissal. *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980).

The second method, found in paragraph three of section 822.6, allows for such disposition *on the motion of either party. Id.* The goal here "is to provide a method of disposition *once the case has been fully developed by both sides*, but before an actual trial." *Id.* (emphasis added).

■ Disposition under paragraph three is "analogous to the summary judgment procedure" in Iowa Rules of Civil Procedure 237–240 (now rules 1.981–1.983). *Summage v. State*, 579 N.W.2d 821, 822 (Iowa 1998). The language in paragraph three of section 822.6 is comparable to Iowa Rule of Civil Procedure 1.981 (formerly rule 237) relating to summary judgments. *Compare* Iowa Code § 822.6 (providing that court may grant motion for summary disposition "when it appears

from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"), *with* Iowa R. Civ. P. 1.981(3) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *see also* Iowa Code § 822.7 ("All rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties."). Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits. *Poulin v. State*, 525 N.W.2d 815, 816 (Iowa 1994).

## VI. Analysis.

We begin our analysis with Manning's claims for postconviction relief. They include the following:

1. Trial counsel failed to file a motion in arrest of judgment;

2. Trial counsel led Manning to believe he (Manning) would receive twenty-five years if he pled guilty;

3. Trial counsel pressured and encouraged Manning to plead guilty without ascertaining whether a plea bargain could be reached;

4. Trial counsel failed to advise the court of a promise of leniency made by the Waterloo Police Department;

5. Trial counsel failed to pursue motions to dismiss and to suppress;

6. State "vindictively" prosecuted Manning after he refused to become an informant;

7. State "vindictively" recommended seventy-five years for each count solely because Manning refused to become an informant;

8. State "vindictively" filed an amended information without providing Manning notice and an opportunity to resist.

On appeal, the State and Manning treat the State's motion to dismiss as a motion for summary disposition under paragraph three of section 822.6. Accordingly, we do the same.

As mentioned, the rules for summary judgment apply to a motion for summary disposition under paragraph three of section 822.6. Those rules provide that summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Behr v. Meredith Corp.*, 414 N.W.2d 339, 341 (Iowa 1987). The moving party has the burden of showing the nonexistence of a material fact and the court is to consider all materials available to it in the light most favorable to the party opposing summary judgment. *Knudson v. City of Decorah*, 622 N.W.2d 42, 48 (Iowa 2000); *Behr*, 414 N.W.2d at 341. A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts. *Behr*, 414 N.W.2d at 341.

The State's motion to dismiss alleged only that Manning had failed to raise his postconviction relief issues earlier and by pleading guilty he waived all claims of ineffective assistance of counsel. The district court not only agreed with both grounds, but went on to address on the merits two claims of ineffective assistance of counsel.

As to the first allegation, the State contends Manning waived his claims for postconviction relief because he (1) did not

include them in his resistance to his appellate counsel's motion to dismiss his appeal as frivolous and (2) did not show "sufficient reasons" for not including them in his resistance.

Iowa Code section 822.8 requires postconviction relief applicants to raise all grounds for relief available to them in their original, supplemental, or amended applications. Iowa Code § 822.8. An exception exists where "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." *Id.* We have interpreted section 822.8 "to impose a burden upon a postconviction applicant to show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on direct appeal." *Bugley v. State,* 596 N.W.2d 893, 896 (Iowa 1999).

▮ When a direct appeal ends in an *unresisted* dismissal under Iowa Rule of Appellate Procedure 6.104, a postconviction relief applicant must comply with section 822.8 and show "sufficient reason" why the applicant's postconviction relief claims were not raised on direct appeal. *Id.* at 896–97. However, a rule 6.104 dismissal "which is contested or objected to by the [defendant-appellant] does not prevent issues which could have been presented upon direct appeal from being embraced in a petition for postconviction relief" under section 822.8. *Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 34 (Iowa 1979).

▮ Here, Manning objected to the rule 6.104 dismissal of his direct appeal. In his letter to our clerk of court, he alleged he received ineffective assistance of counsel and that "there is more evidence that will help my appeal." This was sufficient to allow Manning to raise the claims he now raises in his postconviction relief application. He was not required to show "sufficient reasons" for not raising such claims on direct appeal.

However, Manning faces another hurdle. We have held that a defendant who pleads guilty waives all claims of ineffective assistance of counsel except those that bear on the knowing and voluntary nature of the plea. *See State v. LaRue,* 619 N.W.2d 395, 398 (Iowa 2000); *Speed v. State,* 616 N.W.2d 158, 159 (Iowa 2000). Manning has alleged only two claims that clearly fall into that exception. One includes Manning's claim that trial counsel led him to believe that he—Manning—would receive twenty-five years if he pled guilty. The other includes Manning's claim that trial counsel pressured and encouraged Manning to plead guilty without ascertaining whether a plea bargain could be reached. Without a fully developed record, there is no clear cut way to determine whether Manning can establish those claims.

▮ That leads us to the real problem in this case: the district court's action in ruling on the merits of Manning's postconviction relief application. Manning was not made aware that the hearing the court set was to be on the merits. The order setting the hearing clearly states that hearing is "on the State's Resisted *Motion to Dismiss Application* for Postconviction Relief." (Emphasis added.) So it is clear that Manning was not properly notified that he would need to present proof on any issue other than what was alleged in the State's motion to dismiss.

Moreover, claims bearing on whether Manning's pleas were knowing and voluntary raise genuine issues of material fact precluding entry of summary disposition on those claims. The State had the burden to show there were no such genuine issues of material fact. The State presented nothing more than pure allegations in

its motion that bore not on the knowing and voluntary nature of Manning's pleas but on whether he failed to preserve his claims and whether he waived his claims by pleading guilty.

Finally, we have recognized that when claims of ineffective assistance of counsel are properly raised in a postconviction relief application, "an evidentiary hearing on the merits is ordinarily required." *Foster v. State,* 395 N.W.2d 637, 638 (Iowa 1986); *see also Watson v. State,* 294 N.W.2d 555, 556 (Iowa 1980); *State v. Smith,* 282 N.W.2d 138, 143 (Iowa 1979). "Such a hearing affords the parties an opportunity to adversarily develop all of the relevant circumstances attending counsel's performance, including those circumstances and considerations which may be pertinent but are not a part of the criminal record." *Watson,* 294 N.W.2d at 556. Manning's claims, even if the district court deems them improbable, require that he be allowed to present whatever proof he may have to support those claims. *See id.* at 557.

For all these reasons, we conclude the district court should not have summarily dismissed Manning's application. We therefore vacate the court of appeals decision, reverse the district court judgment, and remand for an evidentiary hearing on two claims. Those two claims are that trial counsel (1) led Manning to believe he would receive twenty-five years if he pled guilty, and (2) pressured and encouraged Manning to plead guilty without ascertaining whether a plea bargain could be reached.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**