# IN THE COURT OF APPEALS OF IOWA

No. 13-1847
Filed August 19, 2015

**ISIDRO RAMIREZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

Isidro Ramirez appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Isidro Ramirez, Anamosa, pro se.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellee State.

Considered by Potterfield, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Isidro Ramirez appeals the dismissal of his third application for postconviction relief (PCR). He contends the court erred in granting summary disposition in favor of the State without proper notice. He also raises several claims in a pro se brief.

## I. BACKGROUND FACTS AND PROCEEDINGS.

Ramirez was convicted of first-degree murder in 1998, and his conviction was affirmed in 2000. The denial of his first PCR application was affirmed in 2005. *See State v. Ramirez*, No. 03-1224, 2005 WL 973610, at *1 (Iowa Ct. App. Apr. 28, 2005). In 2006, Ramirez filed a second PCR application, which was also denied. His appeal of that denial was dismissed as frivolous in 2010.

In January 2011, Ramirez initiated this—his third—PCR action. He amended his PCR application after the State moved to dismiss it on timeliness grounds, and the court denied the State's motion. The State moved for reconsideration of the court's ruling on the motion to dismiss in August 2013. After a hearing on the motion, the court dismissed the PCR application, finding the three-year limitations period provided in Iowa Code section 822.3 (2011) expired in 2003 and Ramirez failed to prove a new ground of fact or law excepting his application from the limitations period.

## II. ANALYSIS.

Ramirez contends the court erred in granting summary disposition of his PCR application. He argues the hearing on the State's motion to reconsider "was really a hearing on a motion for summary disposition" pursuant to section 822.6. Because the only issue Ramirez was informed would be considered at

the hearing was the State's motion to reconsider, he argues he did not receive adequate notice.

Section 822.6 provides two methods by which the court may dispose of a PCR action without reaching the merits. *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). Under the first method, the court may dismiss a PCR application on its own motion if "the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings," provided the applicant receives notice of the court's intention to dismiss the application and its reasons for so doing. Iowa Code § 822.6; *Manning*, 654 N.W.2d at 559. Under the second method, the court may grant summary disposition of a PCR application "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. The question presented in this appeal concerns a determination of which of these methods the court utilized.

The State moved to dismiss Ramirez's application as untimely under section 822.3, which would render Ramirez ineligible for PCR. However, Ramirez argues the State's motion was actually treated as a motion for summary disposition, citing the State's request at the hearing on the motion to reconsider "to summarily dismiss [Ramirez's] petition." In support of his argument, Ramirez cites *Manning v. State*, in which the court disposed of a PCR action on the merits of Manning's claim after finding he failed to meet his burden of proving his appellate counsel was ineffective. 654 N.W.2d at 557-58. However, the

disposition was reached following a hearing on the State's motion to dismiss, which failed to indicate any other grounds for disposing of the action. *Id.* The supreme court reversed the summary dismissal of the PCR application in part because Manning was not properly notified the hearing would be on the merits of his claim and that he would need to present proof on any issue other than what was alleged in the motion to dismiss.[1] *Id.* at 561-62.

It is apparent that the PCR court's ruling was not one of summary disposition. In its ruling, the court found the application was time barred under section 822.3 "and is therefore dismissed." The court did not consider the merits of Ramirez's claims as is required for summary disposition, and therefore, Ramirez's reliance on *Manning* is misplaced. Because Ramirez was properly notified of the hearing on the motion to dismiss and the reason for the potential dismissal, error has not been shown.

Ramirez also raises several claims in a pro se brief. Because he fails to demonstrate the existence of any newly-discovered evidence that could not have been discovered within the three-year limitations period, *see* Iowa Code § 822.3 (stating the limitations period does not apply to a ground of fact or law that could not have been raised within the applicable time period), the dismissal of his third PCR application is affirmed.

**AFFIRMED.**

---

[1] The supreme court notes that in the appeal, "the State and Manning treat the State's motion to dismiss as a motion for summary disposition under . . . section 822.6" and therefore, "we do the same." *Manning*, 654 N.W.2d at 560.