## IN THE COURT OF APPEALS OF IOWA

No. 15-1289
Filed December 21, 2016

**CHRISTOPHER L. MCAFEE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Christopher McAfee appeals the dismissal of his application for postconviction relief. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Christopher McAfee appeals the dismissal of his application for postconviction relief. He contends the district court should have afforded him an evidentiary hearing.

## I.     *Background Proceedings*

McAfee was found guilty of invasion of privacy—nudity—and simple assault. *See State v. McAfee*, No. 13-0268, 2014 WL 1494901, at *1 (Iowa Ct. App. Apr. 16, 2014). On direct appeal, this court addressed McAfee's challenge to the sufficiency of the evidence supporting the district court's findings of fact and his contention that the district court should have read its decision in his presence. We rejected these contentions and affirmed McAfee's convictions. *Id.*

McAfee raised the same grounds for relief in his postconviction relief application. Additionally, McAfee made reference to "a DVD with evidence on it" that was given to his attorney. He asserted his attorney "never introduced" the evidence. Finally, McAfee asserted his attorney "misled [him] into believing if [he] was found guilty, [he] would have to register" as a sex offender.

The State moved to dismiss the application on the ground that "[t]he applicant raised all of the same issues during his appeal." The district court held an unreported hearing on the State's motion to dismiss. There is no indication McAfee was informed of the hearing or had an opportunity to participate. Following the hearing, the district court dismissed the application in its entirety. The court reasoned "[T]here are no new issues brought up in the applicant's postconviction relief case that were not dealt with directly on appeal."

## II.     *Denial of Evidentiary Hearing*

"[W]e have recognized that when claims of ineffective assistance of counsel are properly raised in a postconviction relief application, 'an evidentiary hearing on the merits is ordinarily required.'" *Manning v. State*, 654 N.W.2d 555, 562 (Iowa 2002) (citation omitted).  McAfee does not challenge the district court's dismissal of the two claims resolved on direct appeal.  He takes issue with the dismissal of his claims concerning the DVD and the advice he received on the sex-offender-registration requirement.  The State responds that these claims were "vague."

The postconviction relief application sufficiently specified the nature of the two additional claims.  Pursuant to *Manning*, we conclude an evidentiary hearing was required on these two claims.  654 N.W.2d at 562.  We find it unnecessary to address the issue under an ineffective-assistance-of-counsel rubric, as McAfee alternatively argues.

We affirm the dismissal of McAfee's postconviction challenge to the sufficiency of the evidence supporting the district court's finding of guilt and the district court's failure to read the finding of guilt in his presence.  We reverse the district court's dismissal of McAfee's claim concerning his attorney's failure to introduce the DVD and his claim that his attorney misadvised him on the sex-offender-registration requirement.  We remand for an evidentiary hearing on these claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**