**IN THE COURT OF APPEALS OF IOWA**

No. 18-1818
Filed January 9, 2020

**JOSEPH LEE MILLER,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,
Judge.

Joseph Miller appeals the denial of postconviction relief. **AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Joseph Miller appeals the denial of his application for postconviction relief (PCR). Because Miller's PCR application was filed more than three years after his conviction was final and he has asserted no ground of fact material to his substantive claim that could not have been presented within the three-year time frame, *see* Iowa Code § 822.3 (2017), we affirm.

On July 31, 2007, pursuant to a written plea Miller entered a plea of guilty to third-degree sex abuse (count 1) and indecent exposure (count 2). The memorandum of plea agreement—which bears Miller's signature—states, in part:

> All sentencing concessions part of the Agreement:
> State recommends [ten] year suspended sentence *with lifetime parole on count 1*. Defendant shall be screened for [residential correctional facility] RCF and must participate in sex abuse therapy. State recommends a jail sentence of 300 days in the Scott County Jail on count 2.

(Emphasis added.)

At the August 8 plea hearing, the following colloquy occurred:

> THE COURT: Okay. There is a plea agreement here which states—that you have signed and your attorney has signed it—that states that you are pleading guilty to two charges, sex abuse third degree and indecent exposure, which we are doing now, and that the State recommends a ten-year suspended sentence *with lifetime parole on count 1*, and you will be screened for the RCF, and you have to participate in sex abuse therapy and that you get a sentence of 300 days in the Scott County jail on, I assume, that's count 2. Do you understand that's what the State is recommending?
> THE DEFENDANT: Yes.

(Emphasis added.) On September 6, Miller was sentenced in conformity with the plea agreement, including lifetime parole. He was allowed to move to Illinois and be supervised there.

In September 2009, Miller's two-year term of probation was extended for an additional year for Miller to complete sex-abuse therapy and pay costs.

Miller wrote a letter to the Iowa court noting in part, "Recently I was informed that I will be under lifetime parole supervision & basically be on house arrest forever. . . . Under what legal realm is this possible?"   On September 22, 2009, Judge Mark Smith authored a letter to Miller which states:

> In response to your undated letter to the undersigned, I have reviewed your file and find that on September 6, 2007, you were given a suspended sentence based on your guilty plea to the charge of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(c)(4) [(2005)].  Pursuant to section 903B.1, Iowa Code, you were then informed that you were placed on parole for the rest of your life.  Since you pled guilty to a class "C" felony as a sex offender, you must register under the sex offender registry.

On April 19, 2017, Miller filed an application for PCR, claiming plea counsel was ineffective in failing to inform him of the lifetime parole sentence.  Counsel was appointed, and an amended application was filed on July 11, adding a claim that the trial court "failed to admonish Miller that he could have to serve a sentence of lifetime parole as part of his plea agreement."

The State answered, "[Miller] cannot argue that he was not notified by his attorney that he would have to serve the lifetime parole—it was written and memorialized in the plea agreement that the defendant signed.  Therefore, there is no valid claim of ineffective assistance of counsel."  The State also asserted affirmative defenses of failure to state a claim and that the claim was barred by the statute of limitations.

Miller's response to the State's statute-of-limitation defense states in part:

> Iowa Code [section] 822.3 [(2017)] also states that "this limitation does not apply to a ground of fact or law that could not have been

raised within the applicable time period." The facts pled in the amended application, which were verified by applicant in his pro se application, could have been discovered after the applicable time period ran. Applicant would respectfully request an evidentiary hearing on this issue because only applicant's testimony could verify this.

PCR trial was set for October 19, 2018. Miller testified he did not file his PCR application until 2017

[b]ecause I didn't know that I could file anything. I was in prison, and a guy that was sharing a cell with me, I told him my case, and he told me that I should file a [PCR]. I didn't know anything about a time limit or anything. I don't know much about court stuff.

The district court denied Miller's request for relief, ruling:

A post-conviction relief applicant relying on the ground-of-fact exception to three-year statute of limitations for post-conviction relief applications must show the ground of fact is relevant to the challenged conviction. . . .
. . . .
Miller's lack of knowledge of Iowa's [PCR] statute cannot qualify as a ground of fact because his knowledge of the law is not material evidence. Such an understanding is simply not evidence material to his guilt or innocence of the underlying conviction. The court therefore FINDS that Miller has failed to carry his burden of establishing an exception to the limitation on filing his [PCR] claim and said claim is time barred pursuant to 822.3.

On appeal, Miller objects to the court's ruling, claiming he was denied due process by the court setting a hearing on the merits but ignoring the merits and ruling the claim was time barred.

Our review of the district court's denial of PCR on a statute-of-limitations ground is for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

Chapter 822 of the Iowa Code provides for and governs postconviction-relief actions. Section 822.3 places a limitation on the commencement of such actions. Most applications for postconviction relief must be filed within three years. Iowa Code § 822.3. Exceptions exist, however, for grounds "of fact or law that could not have been raised within the applicable time period." *Id.* Exceptions found within the section act as an escape clause when an applicant had "no opportunity" to assert the claim within the limitations period. *Id.* at 611. When a party claims a limitations exception applies, they must plead and prove the exception by showing they were not or should not have been alerted to the potential claim before the period expired. *Id.* at 610–11.

"In addition to the obvious requirement that an applicant relying on section 822.3 must show the alleged ground of fact could not have been raised earlier, the applicant must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington*, 659 N.W.2d at 520.

Miller's only claim to avoid the limitations period is he "didn't know that [he] could file anything." This "fact" is not material to his ineffective-assistance claim and, consequently, Miller is not entitled to the escape clause of section 822.3. *Cf. id.* at 521 ("[A] postconviction-relief applicant relying on the ground-of-fact exception must show the ground of fact is relevant to the challenged conviction. By 'relevant' we mean the ground of fact must be of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." (citations omitted)). The PCR court did not err in concluding the claim was time barred.

On appeal, Miller claims the PCR court performed a "bait and switch" on him and denied him due process by not ruling on the merits of his application. Miller relies on *Manning v. State*, 654 N.W.2d 555, 561 (Iowa 2002). *Manning* is not on point. In *Manning*, the applicant was notified a hearing on the motion to dismiss had been set but the court then dismissed the PCR application on the merits of his ineffective-assistance claim. 654 N.W.2d at 560–61. On appeal, this court determined Manning had not been properly notified he would need to present proof on his ineffectiveness claim, only that he needed to present evidence in response to the State's motion to dismiss. *Id.* at 561. Thus, the court found the PCR court's rejection of Manning's ineffective-assistance-of-counsel claims was improper. *Id.* at 561–62.

Here, the court held an evidentiary hearing and heard evidence. But the court could not reach the merits of Miller's PCR claim (ineffective assistance of counsel) because Miller failed to show he was entitled to avoid the three-year limitations bar despite Miller's testimony. Because the court did not err in concluding Miller's claim was barred by the statute of limitations, we affirm.

**AFFIRMED.**