# IN THE SUPREME COURT OF IOWA

No. 18–0745

Filed January 24, 2020

**MICHAEL NAVARRO JONES,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

---

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

An applicant for postconviction relief appeals the district court's dismissal of his application. **AFFIRMED.**

Nate Nieman, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney General, Brian Williams, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee.

**WIGGINS, Chief Justice.**

In 2008, a jury convicted Michael Navarro Jones of first-degree robbery and of being a felon in possession of a firearm. Jones appealed, the court of appeals affirmed the convictions, and procedendo issued in February 2010. Jones then filed and appealed three unsuccessful postconviction-relief (PCR) applications.

On December 11, 2017—almost eight years after procedendo issued in his criminal case—Jones filed his fourth PCR application, which he amended through appointed counsel. He contended his Sixth Amendment right under the Federal Constitution to an impartial jury drawn from a fair cross section of the community and his right to an impartial jury under article I, section 10 of the Iowa Constitution were violated during his criminal trial. He also alleged violations of his rights to equal protection and due process under the Federal Constitution and article I, sections 1 and 9 of the Iowa Constitution. He based his claims on *State v. Plain*, 898 N.W.2d 801 (Iowa 2017).

The State filed a motion to dismiss Jones's PCR application, asserting Iowa Code section 822.3's three-year statute of limitations had run, there was no new ground of fact or law allowing Jones to get around the statute of limitations, and res judicata applied under section 822.8. Notably, the State made no argument or contention that Jones did not have a cause of action because *Plain* is not retroactive.

Jones resisted, arguing section 822.3's limitations period does not apply because he could not have raised his *Plain* claims as a ground of law within that period. Like the State, he did not discuss *Plain*'s retroactivity.

At the hearing on the motion to dismiss, the PCR court inquired whether *Plain* applied retroactively even though neither party had raised

or briefed the issue. After hearing the parties' responses, the court stated to Jones,

> Well, you've got your issue and your issue is simple. Does *Plain* have retroactive applicability, and I am going to give you a ruling that it does not. And so you now have an appealable issue. And you may take it before the Iowa Supreme Court as to whether *Plain* has retroactive applicability or not. I am concluding that it is too burdensome, and it imposes far too many costs upon society to apply this new rule of law [retrospectively]. The flood gates would be just horrendous if we were to buy your interpretation. But you've got an appealable issue and we will go from there.

The court issued a written ruling consistent with its oral ruling and granted the State's motion to dismiss. Jones appealed, and we retained the appeal.

The court dismissed Jones's application based upon a ground neither party raised. This was improper. *See, e.g.*, *Manning v. State*, 654 N.W.2d 555, 561 (Iowa 2002). However, on appeal we can affirm the district court decision on any ground argued below and urged on appeal by the appellee, even if the court below did not reach that issue. *See Ne. Cmty. Sch. Dist. v. Easton Valley Cmty. Sch. Dist.*, 857 N.W.2d 488, 491 (Iowa 2014).

On today's date, we filed our decision in *Thongvanh v. State*, ___ N.W.2d ___ (Iowa 2020). In *Thongvanh*, we addressed the exact same issues as raised in the instant case. *Id.* at ___. In deciding those issues, we held *Plain*'s holding on the second prong of the *Duren*[1] test constitutes a new ground of law under section 822.3; therefore, the three-year statute of limitations under section 822.3 does not apply. *Id.* at ___. However, we concluded that the new law of criminal procedure announced in *Plain* does not apply retroactively to cases on collateral review. *Id.* at ___.

---

[1]*Duren v. Missouri*, 439 U.S. 357, 364, 367–68, 99 S. Ct. 664, 668, 670 (1979) (laying out the test for evaluating Sixth Amendment fair cross-section claims).

Applying these holdings to Jones, we affirm the dismissal of his PCR application.

**AFFIRMED.**