# IN THE COURT OF APPEALS OF IOWA

No. 18-0695
Filed April 15, 2020

**DANIEL MAURICE CLAYBON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

Daniel Claybon appeals the denial of his postconviction-relief application.

**AFFIRMED.**

Anne K. Wilson of Anne K. Wilson Law Office, PLLC, Cedar Rapids, for

appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Daniel Claybon appeals the dismissal of his fifth postconviction-relief (PCR) application. We affirm.

In 1990, Claybon was convicted of first-degree murder and sentenced to life in prison without parole. He was eighteen years old at the time of the crime. His conviction was affirmed by this court. *See State v. Claybon*, No. 90-1605, 1992 WL 198231, at *1 (Iowa Ct. App. Feb. 25, 1992).

In the years that followed, Claybon filed four PCR applications. All four applications were denied. And each denial was affirmed by an appellate court. *See Claybon v. State*, No. 15-0817, 2014 WL 3282228, at *2 (Iowa Ct. App. June 15, 2016) (affirming the dismissal of Claybon's fourth PCR application); *Claybon v. State*, No. 12-1396, 2014 WL 999057, at *1–2 (Iowa Ct. App. May 14, 2014) (detailing Claybon's first three PCR applications and the procedural history for each).

In June 2017, Claybon filed the present PCR application. This time, he claimed *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), made his sentence unconstitutional. The State moved to dismiss because the application was time-barred. Claybon resisted the motion and, moreover, filed a motion requesting appointment of an expert at the State's expense. The State then filed an amended motion to dismiss arguing *Lyle* did not provide a ground on which Claybon could be granted relief. Following a hearing, the PCR court granted the State's motions and dismissed Claybon's application. Claybon appeals. "Our review in [PCR] proceedings is for correction of errors at law." *Manning v. State*, 654 N.W.2d 555, 558–59 (Iowa 2002).

In their briefs, Claybon and the State address a number of procedural issues. But we need not resolve most of them. Ultimately, Claybon cannot obtain relief unless *Lyle*—which required special sentencing procedures for *juvenile* offenders faced with minimum prison sentences—also extends to offenders like Claybon, who were *adults* when they committed murder. But *Lyle* does not apply to Claybon. The *Lyle* court made it clear that its holding "has no application to sentencing laws affecting adult offenders." 854 N.W.2d at 403; *accord Smith v. State*, No. 16-1711, 2017 WL 3283311, at *2 (Iowa Ct. App. Aug. 2, 2017) (quoting *Lyle*, 854 N.W.2d at 403).

Even so, Claybon argues, the PCR court should have appointed an expert "to present testimony on the most recent studies regarding the development of the human brain." But Claybon has not shown that expert testimony would make a difference in this case. Claybon has not cited, and we have not found, Iowa cases suggesting that—given the right scientific record—the *Lyle* protections would be extended to adult offenders. Nor do the texts of our constitutions, as originally understood, suggest the *Lyle* procedures are required. *See Goodwin v. Iowa Dist. Ct. for Davis Cty.*, 936 N.W.2d 634, 649 (Iowa 2019) (McDonald, J., specially concurring).

Claybon is not entitled to relief. The PCR court was correct in dismissing his application.

**AFFIRMED.**