# IN THE COURT OF APPEALS OF IOWA

No. 19-0269
Filed April 29, 2020

**VINCENT NDIKUMANA,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

An applicant appeals the district court decision dismissing his applications for postconviction relief. **AFFIRMED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Vincent Ndikumana appeals the district court decision dismissing his applications for postconviction relief (PCR). We find further development of the record was not necessary before the court determined the applications should be dismissed. We conclude the district court did not err by dismissing Ndikumana's PCR application because they were not filed within the three-year time period prescribed by Iowa Code section 822.3 (2018). We affirm the decision of the district court.

## I.       Background Facts & Proceedings

Ndikumana pled guilty to gathering where controlled substances are unlawfully used. The judgment and sentence for this conviction was filed on September 6, 2013. He also pled guilty to burglary in the third degree and theft in the third degree. The judgment and sentencing order was filed on February 5, 2014. Ndikumana did not appeal his convictions.

On October 1, 2018, Ndikumana filed PCR applications in these cases, claiming he received ineffective assistance because his defense counsel did not adequately explain the immigration consequences of his pleas. The State filed a pre-answer motion to dismiss on the ground Ndikumana's applications were barred by the three-year time limit found in section 822.3. In his resistance to the motion to dismiss, Ndikumana claimed the case *Diaz v. State*, 896 N.W.2d 723, 732 (Iowa 2017), created a new ground of law concerning counsel's duty to advise a client concerning the immigration consequences of a guilty plea. Ndikumana asserted his PCR applications were timely because they were filed within three years after *Diaz* was decided.

The district court found, "The *Diaz* court created no new rule, imposed new obligations, and broke no new ground." The court determined the Iowa Supreme Court was following United States Supreme Court precedent found in *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). The court concluded Ndikumana failed to show his applications were timely because they were based upon a new ground of law or fact. The court dismissed the PCR applications as untimely.

Ndikumana filed a posttrial motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The district court denied the motion. Ndikumana now appeals.

## II.     Standard of Review

We review a district court's decision dismissing a PCR application on the ground it is untimely for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

## III.     Discussion

**A.**     Ndikumana claims the district court erred by granting the State's motion to dismiss. He states the court should have permitted him to conduct discovery and develop the record before ruling on the motion to dismiss. He asserts the record should be developed to show what information he received about the immigration consequences of his guilty pleas.

A PCR application may be dismissed when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002) (quoting Iowa Code § 822.6(3)). "There is no requirement that summary judgment cannot be entered until after the completion of discovery." *Winesberry v. State*, No. 15-2058, 2017

WL 3524719, at *2 (Iowa Ct. App. Aug. 16, 2017). The record Ndikumana sought to develop is not pertinent to the question of whether his applications were timely. Further development of the record was not necessary before the court determined the applications should be dismissed because they were untimely.

**B.** Ndikumana also claims the district court erred by dismissing his PCR applications on the ground they were untimely under the three-year statute of limitations found in section 822.3. He asserts *Diaz*, 896 N.W.2d at 732, created a new legal rule and his applications were timely because they were filed within three years after *Diaz* was decided.

We have determined "*Diaz* is not a change in law but rather an application of the existing law found in *Padilla*." *Ramirez v. State*, No. 16-1893, 2018 WL 2727707, at *5 (Iowa Ct. App. June 6, 2018); *see also Garcia v. State*, No. 18-2021, 2019 WL 5063328, at *3 (Iowa Ct. App. Oct. 9, 2019); *Zacarias v. State*, No. 18-0686, 2019 WL 3714815, at *2 (Iowa Ct. App. Aug. 7, 2019). For this reason, *Diaz* "does not qualify as a new-ground-of-law exception to the three-year time-bar of Iowa Code section 822.3." *Garcia*, 2019 WL 5063328, at *3.

We conclude the district court did not err by dismissing Ndikumana's PCR applications because they were not filed within the three-year time period prescribed by section 822.3. We affirm the decision of the district court.

**AFFIRMED.**