# IN THE COURT OF APPEALS OF IOWA

No. 21-0535
Filed February 16, 2022

**JONATHAN DAVID GORDON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

An inmate appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Jeremy L. Merrill of Merrill Law, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Jonathan Gordon is serving a prison sentence not to exceed fifteen years on his conviction for third-degree sexual abuse as a habitual offender. Our court affirmed his conviction on direct appeal, turning back his claim that the district court abused its discretion in allowing evidence of Gordon's prior domestic abuse assault against the complaining witness, Katie, who was the mother of his child. *State v. Gordon*, No. 16-1453, 2017 WL 6039993, at *3 (Iowa Ct. App. Dec. 6, 2017). He then applied for postconviction relief (PCR). The district court granted the State's motion for summary disposition of Gordon's application.

Gordon appeals that ruling, contending genuine issues of material fact required a trial on three of his PCR claims. Those claims include (1) ineffective assistance of trial counsel for "inadequate impeachment" of Katie on the witness stand; (2) ineffective assistance of appellate counsel for not challenging the denial of his request to play Katie's recorded statements for the jury; and (3) newly discovered evidence that a former police officer who had arrested Gordon for a different offense did not disclose that information during voir dire and served on the jury.

We agree with the district court that the State properly supported its motion for summary disposition. And Gordon, as the resisting party, did not present specific facts showing the existence of genuine issues for trial on any of those three claims. *See* Iowa Code § 822.6(3) (2020); Iowa R. Civ. P. 1.981(5). So we affirm.

## I.      Facts and Prior Proceedings

In October 2015, Gordon was at Katie's home visiting their eighteen-month-old child.  They agreed that Gordon would watch the child, while she went into her bedroom to take a nap.  But after just ten to fifteen minutes, Gordon entered her bedroom uninvited, uncovered her, and pulled down her shorts.  Katie testified that she told Gordon she did not want to have sex.  Despite her protests, Gordon "continued to perform oral sex."  After their toddler entered the room, Gordon threw a blanket over them and then inserted his penis into her vagina.  Gordon asserted that their sexual encounter was consensual.

After Katie gave Gordon a ride home, she called a friend to report what happened.  The friend contacted the police, and an investigation followed.  The State charged Gordon with sexual abuse in the third degree, alleging that he performed a sex act by force or against Katie's will.  *See* Iowa Code § 709.4(1)(a) (2015).  The State also alleged that Gordon was a habitual offender.  *See id.* § 903B.1.  Both Katie and Gordon testified at trial.  Believing Katie, the jurors returned a guilty verdict.  And Gordon received an indeterminate fifteen-year sentence.

Eighteen months after our court affirmed his conviction on direct appeal, Gordon, representing himself, applied for PCR.  But his petition was vague, alleging nonspecific newly discovered evidence and a barebones ineffective-assistance-of-counsel claim.  After the court appointed PCR counsel, Gordon filed a recast application.  That application fleshed out the claim that trial counsel was ineffective.  Gordon asserted that "there were several documented false statements by the complaining witness that were not properly developed as

impeachment. This could have bolstered a valid defense that the sex act was not in fact committed against the will of the complaining witness."[1] Gordon also complained about his representation on direct appeal. He asserted: "Appellate counsel failed to challenge a ruling by the district court that prevented the jury from hearing recorded phone calls that directly contradicted the complaining witness testimony that she had stopped having sexual encounters with the defendant."

As for newly discovered evidence, Gordon asserted that "during the trial, one of the jurors seemed to him to be someone that he knew. After the trial concluded, Mr. Gordon realized that the witness was a former police officer who had arrested or investigated him in the past. Mr. Gordon believes that the juror failed to disclose this to the parties during voir dire."

In its answer, the State denied Gordon's assertions and asked the court to dismiss the PCR application. Gordon resisted. In January 2020, the district court denied the State's request to dismiss the recast petition. But before setting the matter for trial, the court added: "As discovery proceeds, if [the State] continues to believe that there is no legal basis for the ineffective assistance of counsel and newly discovered evidence claims, [it] may seek summary disposition of the case in the style of a summary judgment motion, pursuant to Iowa Code § 822.6."

And the State did just that, moving for summary disposition in January 2021. In its motion, the State relied on the record of the proceedings in the criminal case as its "undisputed material facts." Gordon resisted but presented no affidavits or other discovery to show genuine issues of material fact to bolster his claims.

---

[1] Gordon also alleged that trial counsel was in poor health and should have sought a continuance. Gordon does not pursue that allegation in this appeal.

Gordon did note that his trial attorney was now deceased but insisted that was not a ground for concluding there was no genuine issue of material fact supporting his claim of ineffective assistance. The district court granted the motion for summary disposition. Gordon now appeals.

## II. Scope and Standards of Review

We review summary dispositions of PCR applications for correction of legal error. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But we switch to de novo review for ineffective-assistance claims. *See id.*

On his ineffective-assistance claims, Gordon must show (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* at 730. On his newly discovered evidence claim, Gordon must show (1) the evidence was discovered after the verdict; (2) it could not have been discovered earlier in the exercise of due diligence; (3) it is material to the issues in the case; and (4) it probably would have changed the result of the trial. *Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018).

## III. Analysis

Summary judgment principles apply to motions for disposition of a PCR application without a trial on the merits. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002); *compare* Iowa Code § 822.6(3) (2020)[2] *with* Iowa R. Civ. P. 1.981(3).[3]

---

[2] That section provides:
> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

[3] And that section provides:

A hearing on the merits is required for properly pleaded claims of ineffective assistance of counsel, if relevant circumstances of counsel's performance are not a part of the criminal record. *Manning*, 654 N.W.2d at 562. But if the moving party shows the pertinent facts are undisputed in the record, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994); *see* Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.").

On all three of Gordon's claims, the criminal record supported the State's motion for summary disposition. And Gordon did not produce "specific facts" exposing a triable issue. Viewing the record in the light most favorable to Gordon, we find the State was entitled to judgment as a matter of law.

First, on his claim of ineffective assistance of trial counsel, Gordon claimed in his recast application that counsel should have impeached Katie with "several documented false statements." But he never produced that documentation. Now on appeal, he advances this sparing and circular argument: "Without an evidentiary record it is difficult to assess exactly what could have been developed by allowing

---

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Gordon to proceed with evidence in the postconviction relief action." The State demonstrated through the criminal trial transcript that Gordon's counsel vigorously cross examined Katie and impeached her with statements from her deposition and interviews with law enforcement. In response to the State's undisputed facts refuting his ineffective-assistance claim, Gordon had to do more than rest on the "mere allegation" in his pleading. *See* Iowa R. Civ. P. 1.981(5). With no showing that counsel failed to explore other inconsistencies with Katie, Gordon's claim cannot survive the State's motion.

Second, Gordon contends his appellate counsel should have challenged the district court's ruling on his request to play recorded phone calls between Gordon and Katie. These phone calls, he argued, would refresh Katie's recollection that she continued to have sexual relations with him after his January 2014 domestic abuse assault. The court ruled that the defense could not play the calls in open court but could have Katie listen to them outside the presence of the jury and then ask her more questions. The parties agreed that Katie would listen to two recordings. Counsel then resumed his cross-examination and she admitted having consensual sex with Gordon after January 2014.

In this PCR, Gordon does not explain how the court's ruling on the recordings was legally wrong or how his case would have benefitted from the jury hearing the recordings. And he did not submit the recordings as an offer of proof. So there was no viable issue to be raised on direct appeal. Appellate counsel had no duty to raise the unpreserved claim. *See Johnson v. State*, 860 N.W.2d 913, 922 (Iowa Ct. App. 2014) (explaining "appellate counsel would not have been ineffective for failing to raise a meritless issue"). What's more, Gordon did not

present the recordings in response to the State's motion for summary disposition in the PCR proceedings. Summary disposition was appropriate on this claim.

Third and finally, Gordon contends the "possible bias" of a former police officer who served on his jury is "certainly a valid area for exploration" at a full-fledged PCR trial. But as the PCR court held, Gordon could have discovered that information before the verdict through due diligence. Defendants who are aware of evidence before a verdict but make no effort to pursue it cannot receive a new trial. *State v. Uranga*, 950 N.W.2d 239, 243 (Iowa 2020). Gordon asserted in his application that the juror "seemed to be someone that he knew" but Gordon did not realize until after the jury found him guilty that the juror was a former police officer. With access to the juror list, Gordon could have investigated his familiarity with the juror before the verdict. His inaction prevents a new trial. *See id.* (warning "a defendant must exhaust the probable sources of information concerning his case; *he must use that of which he knows*, and *he must follow all clues* which would fairly advise a diligent man that something bearing on his litigation might be discovered or developed" (emphasis in original) (citations omitted)).

In sum, the district court properly granted the State's motion for summary disposition of Gordon's PCR claims.

**AFFIRMED.**