## IN THE COURT OF APPEALS OF IOWA

No. 22-0859
Filed August 9, 2023

**DWIGHT TYRONE McCALL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson,
Judge.

The applicant appeals the summary dismissal of his seventh application for
postconviction relief. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for
appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee State.

Considered by Ahlers, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**POTTERFIELD, Senior Judge.**

Dwight McCall appeals from the summary dismissal of his seventh postconviction-relief (PCR) application challenging his 2007 convictions for first-degree criminal mischief and third-degree burglary. He argues the district court's dismissal of his action was premature.

**I. Background Facts and Proceedings.**

As we previously set forth the underlying facts:

> In August of 2006, Dwight McCall and his wife Dalila were in the process of obtaining a divorce. A protective order was in place and Dalila was living in the home with their children. Dalila testified while she was at work on the evening of August 8, 2006, McCall called her and asked if he could stay in their home to which she replied no. When Dalila arrived home after work, she noticed the back door was open, most of the furniture in the home was destroyed, and water was leaking from the ceiling.
> Dalila called the police and an officer arrived to investigate. The officer testified the refrigerator door was ripped off and furniture was tipped over with the legs broken off. Upstairs, a water bed had been slashed open and the smell of bleach permeated the area. The ceiling downstairs collapsed from the weight of the water spilling from the water bed. There was no damage to the children's rooms. Dalila received a phone call while the officer was there and she confirmed to the officer McCall was the caller. McCall apparently made incriminating statements during the call although at trial, McCall presented witnesses who testified that he was at a different residence on August 7 and 8 of 2006.

*State v. McCall*, 754 N.W.2d 868, 870 (Iowa Ct. App. 2008).

The jury found McCall guilty of first-degree criminal mischief and third-degree burglary. He was later sentenced to ten years and five years, respectively, and ordered to serve the two sentences concurrently.

McCall appealed his convictions, arguing the trial court erred when it revised two jury instructions in response to a question submitted by the jury during deliberations. We affirmed. *See id.*

Six unsuccessful PCR actions preceded this one, which McCall filed in March 2022—more than thirteen years after procedendo issued on his direct appeal.[1]  The State responded with a pre-answer motion to dismiss, asserting (1) McCall's application was time-barred because it was outside the three-year statute of limitations provided in Iowa Code section 822.3 (2022) and (2) McCall raised the same issues in a previous unsuccessful PCR proceeding, so res judicata prevented the additional litigation.

At a hearing on the motion to dismiss, McCall asserted he "would be arguing actual innocence in this case" because "he just found out that at his trial, he had some alibi witnesses . . . [and] when they came to court, they were turned away by the State and in particular [the prosecutor]."  Through his attorney, McCall explained that he was requesting an investigator "to find these witnesses and talk to them and find out what exactly happened."  The State resisted, arguing McCall would have known if he intended to call alibi witnesses so the facts he now alleged supported his claim were discoverable within the three-year window—meaning they could not be the basis for a claim under the "ground of fact" exception.

The district court concluded McCall's application was time-barred under section 822.3, which states in relevant part:

> All . . . applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.  However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

It summarily dismissed McCall's application, which he challenges on appeal.

---

[1] Procedendo issued on August 8, 2008.

**II. Standard of Review.**

Our review of a district court's decision dismissing a PCR application on the ground it is untimely is for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

**III. Discussion.**

The question before us is whether the district court's dismissal of McCall's seventh PCR application was premature. For the State to prevail on a motion to dismiss, it must meet the standards for summary judgment in a civil proceeding. *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) ("[T]wo methods are available for disposition of [PCR] applications without a trial on the merits. . . . Disposition under [section 822.6(3)] is 'analogous to the summary judgment procedure' in Iowa Rules of Civil Procedure [1.981–1.983]." (citations omitted)); *see also* Iowa Code § 822.6(3). In other words, a PCR application may be dismissed when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Manning*, 654 N.W.2d at 560 (quoting Iowa Code § 822.6(3)). "A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." *Sanchez v. State*, 692 N.W.2d 812, 816 (Iowa 2005).

It is undisputed that McCall's PCR application was filed more than three years after procedendo issued in his direct appeal. So to avoid the statute of limitations, McCall has to prove the facts he now alleges as the basis for relief—that he had alibi witnesses who were prevented from testifying—could not have been raised within the applicable time period. *See Schmidt v. State*, 909 N.W.2d

778, 799 (Iowa 2018); *see also Quinn v. State*, 954 N.W.2d 75, 76 (Iowa Ct. App. 2020) ("[T]he ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period."). A fact could have been raised within the limitations period if it was either available to the applicant or it could have been discovered with the exercise of due diligence during the statute-of-limitations window. *See Quinn*, 954 N.W.2d at 76.

Taking McCall's allegations as true, he had multiple witnesses who could testify in support of his alibi—that he was elsewhere at the time the damage to Dalila's home was done—and those witnesses were prevented from testifying in his defense. As the district court recognized, McCall was aware of his alibi witnesses and, in fact, he listed several on his notice (and amended notice) whom he intended to call at trial.[2] And, by at least the end of the trial, he would have known those witnesses were supposed to show up and testify but failed to do so. Armed with both of those facts, we conclude that with the exercise of due diligence, McCall would have learned what caused those anticipated witnesses not to appear sometime during the four-plus years between his 2007 trial—when they did not testify—and the running of the statute of limitations in 2011. Because he could have discovered that his witnesses were prevented from testifying with the

---

[2] McCall complains that the district court went beyond the face of his petition, reviewing records from the underlying criminal file and McCall's many other PCR actions when deciding the State's motion. Section 822.6A provides:

> The underlying trial court record containing the conviction for which an applicant seeks postconviction relief, as well as the court file containing any previous application filed by the applicant relating to the same conviction, . . . automatically become part of the record in a claim for postconviction relief under this chapter.

And the district court is allowed to review it. *See, e.g.*, *Moon v. State*, No. 19-2037, 2021 WL 610195, at *3 (Iowa Ct. App. Feb. 17, 2021).

exercise of due diligence, McCall's claim does not fall within the ground-of-fact exception to the statute of limitations. So, McCall's application is time-barred, and summary dismissal was appropriate.

**AFFIRMED.**