# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-0246
Filed April 1, 2026

————————————

**Brian Andrew Huckfeldt,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Jeffrey Farrell, Judge.

————————————

**AFFIRMED**

————————————

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, attorney for
appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Langholz, P.J., Sandy, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

In 2003, Brian Huckfeldt pled guilty to possession of a controlled substance with intent to deliver, eluding a law enforcement vehicle, second-degree theft, and two counts of assault on a police officer with a dangerous weapon. The district court imposed judgment and sentence. Huckfeldt did not appeal. Twenty years later, Huckfeldt filed this postconviction-relief application (PCR). Relevant to this appeal, he maintained his guilty pleas were involuntary because he was "twice found incompetent to stand trial Legally reckonized [sic] defense recognized in Johnson County Iowa in 2020."

The State moved to dismiss the application on the ground it "was not timely filed." *See* Iowa Code § 822.3 (2023) (requiring PCR applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). Huckfeldt resisted the State's motion, stating he needed additional time to receive requested mental-health records and investigate "the specific claims Huckfeldt may have, including claims regarding actions or inactions of counsel during Huckfeldt's representation." Specifically, the resistance stated: "Huckfeldt is claiming that his case should be reopened because he has recently been found incompetent to stand trial, and asserts he was also incompetent at the time of his criminal conviction." The district court dismissed the application.

Huckfeldt appeals. The premise of his appeal is because he was found incompetent in separate proceedings nearly twenty years after his underlying case, trial counsel may have been ineffective by not investigating his competency at the time of entry of the guilty plea in 2003. Huckfeldt challenges the PCR court's dismissal of his application "without allowing

[him] to fully develop the record" on his potential claim. Specifically, he argues, "Had Huckfeldt's [PCR] counsel been allowed to investigate whether he was incompetent at the time of entry of his guilty plea and remained incompetent over the next two decades, such incompetence could have been a meritorious claim."

We focus on the dispositive problem with Huckfeldt's argument. "In his appellate brief, [Huckfeldt] asserts no exception to the application of the three-year statute of limitations to this claim." *Greenup v. State*, No. 16-0826, 2017 WL 3505293, at *1 (Iowa Ct. App. Aug. 16, 2017). Rather, he acknowledges he does not have a claim yet because he needs more time to determine if such claim exists. *See Anderson v. State*, No. 15-1809, 2016 WL 7403738, at *1 (Iowa Ct. App. Dec. 21, 2016) ("[E]ven on appeal, Anderson continues to fail to identify or assert any specific ground of fact or law that might constitute such an exception."). Although section 822.3 provides an exception to the three-year limitation for "a ground of fact or law that could not have been raised within the applicable time period," there is nothing in the record to indicate a new ground of fact or law that could not have been raised within the three-year statute of limitations.[1] On review for the correction of legal error, *see Manning v. State*, 654 N.W.2d 555, 558–59

---

[1] Indeed, as the PCR court observed, the presentence investigative report (PSI) in Huckfeldt's underlying case included "multiple references to [Huckfeldt's] mental health problems," such as Huckfeldt's report "he had been working [with] a psychologist and psychiatrist as early as 1999." However, the court further noted "as of the time of the PSI interview, [Huckfeldt] reported he was not undergoing mental health treatment, was taking no medication, and felt his overall health was good."

(Iowa 2002), we conclude the district court did not err in dismissing Huckfeldt's untimely application for postconviction relief.

**AFFIRMED.**