# IN THE COURT OF APPEALS OF IOWA

No. 18-1209
Filed March 4, 2020

**HAYES ELBERT BAKER III,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

The applicant appeals from the dismissal of his fourth application for postconviction relief as time-barred. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Hayes Baker III appeals the denial of his fourth postconviction-relief application (PCR) on statute-of-limitation grounds. He argues new evidence establishes an actual-innocence claim to overcome the statute-of-limitations defense. The State disagrees. We do as well.

## I. Background Facts and Proceedings.

In March 2009, Baker entered Amanda Carey's home and assaulted her and her sister, the mother of his children, Brooke Carey. Because of those actions, on October 21, 2010, a jury convicted Baker of six criminal counts, including first-degree burglary. Sentenced to a term of fifty years, Baker appealed the conviction. The conviction was affirmed. *See State v. Baker*, No. 10-2093, 2012 WL 170181, at *1–2 (Iowa Ct. App. Jan. 19, 2012). Procedendo issued on March 22, 2012, almost six years before this fourth PCR filing. But after his direct appeal resolved, Baker filed a postconviction-relief action. That application was denied, and Baker then appealed that ruling. He argued in this first PCR his trial counsel was ineffective when he failed to interview and produce witnesses who would have testified Baker had consent to enter the Carey home, making it impossible to prove an element of the first-degree-burglary charge. Finding Baker was not credible and that the evidence against him was "overwhelming," the district court's denial of the first PCR was affirmed. *See State v. Baker*, No. 13-1387, 2014 WL 2885039, at *2–3 (Iowa Ct. App. June 25, 2014) (finding attorney cannot fall below the threshold of reasonable competency by failing to interview witnesses whose existence his client has not shared). Not to be deterred, Baker filed two more PCR applications before the one we address today. In his second PCR application,

Baker addressed new evidence relating to his competency to stand trial. *See State v. Baker*, No. 16-1375, 2017 WL 1735902, at *3 (Iowa Ct. App. May 3, 2017) (finding that the claim of incompetency contradicted the record, including a competency evaluation, and with no plausible claim for an exemption from the statute of limitations, the filing "border[ed] on frivolous"). Baker voluntarily dismissed his third application.

Hoping for another look by our appellate courts, Baker asserts new evidence proves his actual innocence. Returning to his same themes, he argues that his possession of house keys to the home and that the "open door agreement" to enter the premises raises doubt of his guilt. The State moved for summary judgment on three points: statute of limitations, claim preclusion, and repetitive actions. Baker resisted the motion, urging a genuine issue of material fact was generated as to his innocence and that as a matter of first impression, the court should "follow the lead of the federal courts, and adopt an exception to the procedural bars applicable in postconviction cases." The district court granted summary judgment and ruled the PCR application was barred under Iowa Code section 822.3 (2018)[1] because the statute of limitations ran and no exception to the limitation period existed. Baker appeals.

---

[1] Iowa Code section 822.3 states in pertinent part:
     All other applications must be filed within three years from the date
     the conviction or decision is final or, in the event of an appeal, from
     the date the writ of procedendo is issued. However, this limitation
     does not apply to a ground of fact or law that could not have been
     raised within the applicable time period.

## II. Standard of Review.

Denials of PCR applications are generally reviewed for correction of errors at law unless they raise constitutional issues. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). A PCR "action based on newly discovered evidence is reviewed for corrections of errors at law." *See More v. State*, 880 N.W.2d 487, 498 (Iowa 2016).

Summary dismissals of PCR applications are also reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Just as in a civil case, summary judgment principles apply here. *Dewberry v. State*, ___ N.W.2d ___, ___, 2019 WL 6633750, at *3 (Iowa 2019). Summary disposition of a PCR action is analogous to summary judgment in a civil case. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). As in a civil case, the moving party has the burden of proving the material facts are undisputed to succeed in a summary judgment action. *Castro*, 795 N.W.2d at 792. And the nonmoving party cannot rest on conclusory allegations in the pleadings to refute a properly supported motion for summary judgment. *See* Iowa R. Civ. P. 1.981(5).

## III. Analysis.

Looking to change Iowa case law, Baker contends that his actual innocence claim provides a "gateway," blocking application of the statute-of-limitations defense for his PCR claim. He urges adopting the "gateway" theory formulated by the United States Supreme Court but not yet adopted by the Iowa Supreme Court.[2]

---

[2] For an in-depth discussion of the differences between a gateway claim, not recognized under Iowa law, versus a freestanding claim recognized under Iowa law. *See Schmidt v. State*, 909 N.W.2d 778, 790–92 (Iowa 2018).

In his words, Baker "raises his claim of actual innocence not as a freestanding claim, but as a gateway by which to obtain review of a constitutional error relating to his conviction despite the statute of limitations and other procedural barriers." We decline the invitation to charge ahead of our supreme court. *Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *1–2 (Iowa Ct. App. Nov. 9, 2016) (noting "the actual innocence exception [announced in *Schlup v. Delo*, 513 U.S. 298, 320 (1995),] has not been addressed nor adopted by the Iowa Supreme Court").

Iowa courts do recognize a freestanding actual-innocence claim available as a safety valve for an innocent applicant convicted of a crime. *Schmidt*, 909 N.W.2d 795–98 (holding that even though defendant pleaded guilty, a witness recantation unavailable within the three-year statute-of-limitation period provided a sufficient basis to avoid a time bar to the actual-innocence claim in a PCR proceeding). Baker did not urge this vehicle. But even if he had, to avoid the statute-of-limitations requirements of Iowa Code section 822.3, Baker must show he could not have raised the grounds of fact asserted here within the applicable time period. *Id.* at 798–99; *see also Dewberry*, 2019 WL 6633750, at *5 (refusing to expand the actual innocence claim to claims of legal innocence focusing on the degree of the offense rather than factual innocence). As noted by our supreme court, "An applicant must first meet the procedural requirements governing the presentation of postconviction-relief claims as set forth in Iowa Code chapter 822. For example, the applicant must comply with the statute of limitations or prove a statutory exception thereto." *Dewberry*, 2019 WL 6633750, at *3 (citations omitted). Once the procedural hurdles are met, the PCR applicant must establish

a claim of actual innocence by "clear and convincing evidence he or she was factually innocent of the offense of conviction." *Id.* at *8.

Baker's claims of innocence are old and repetitive. These themes have been tried, tested, and rejected by the jury and the district court.[3] With the benefit of the trial transcript, the PCR court noted that Baker took the stand at his trial and testified he had keys to Amanda Carey's home and believed he had standing permission to enter the home. In his first PCR, Baker again raised arguments that he had permission to enter Carey's home and had keys to the home. *Baker*, 2014 WL 2885039, at *1–3. At that point in Baker's appellate history, the Iowa Court of Appeals opined the proof of his crime was "overwhelming." *Id.*

Confined by a three-year statute-of-limitation period, unless Baker identified a ground of fact or law that could not have been raised within the applicable time, his claim is barred. On this record, Baker shows no new grounds of fact or law establishing his innocence. Even so, under the freestanding actual-innocence claim, an applicant "must meet the demanding actual-innocence standard to prove the validity of [his or her] actual-innocence claims." *Schmidt*, 909 N.W.2d at 793. Such a "demanding standard balance[s] the liberty interest of a factually innocent person to be free from conviction and criminal sanction against the state's legitimate interests in finality and the conservation of judicial resources." *Dewberry*, 2019 WL 6633750, at *4. Having produced no new evidence or law

---

[3] Even under the gateway actual-innocence exception, proof of claims of constitutional error must include "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

that allows him to escape the consequences of the late filing, Baker has no entitlement to a PCR claim or any actual-innocence claim.

## IV.  Disposition.

Bringing finality to this case, we find the statute of limitations precludes Baker's fourth PCR application because it was filed more than three years after procedendo issued.  *See* Iowa Code § 822.3.  The gateway actual-innocence exception does not apply.  We affirm the district court.

**AFFIRMED.**