# IN THE COURT OF APPEALS OF IOWA

No. 19-0877
Filed December 16, 2020

**RICKY MAHNESMITH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFRIMED IN PART**, **REVERSED IN PART, AND REMANDED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

Ricky Mahnesmith appeals the dismissal of his application for postconviction relief (PCR). We affirm in part, reverse in part, and remand for further proceedings.

**I. Facts and Prior Proceedings**

In January 2014, the district court sentenced Mahnesmith to a five-year suspended sentence and probation after he pled guilty to theft in the second degree in FECR022424. Then in January 2017, the district court sentenced Mahnesmith to a two-year suspended sentence to be served consecutively to his sentence in FECR022424 after he pled guilty to possession of methamphetamine, second offense, in AGCR0225566.[1] The court revoked Mahnesmith's probation in both cases on October 10, 2018.

In December 2018, Mahnesmith filed a pro se application for PCR seeking relief in relation to both FECR022424 and AGCR0225566. Mahnesmith's application listed "January 2014" as the "[d]ate of entry of judgment or conviction or sentence."[2] The State moved to dismiss the application alleging Mahnesmith failed to establish a prima facie case and the application was time-barred by Iowa Code section 822.3 (2018). The PCR court appointed Mahnesmith counsel, and counsel filed an amended petition alleging Mahnesmith received ineffective assistance of counsel.

---

[1] We rely on the PCR court's ruling regarding the date and terms of sentencing in AGCR022556 because our record on appeal does not include these details, and the PCR court did not take judicial notice of the underlying criminal cases.

[2] Under the "[r]elief desired" section of the PCR application form Mahnesmith referenced a 2017 conviction.

The State's motion to dismiss came before the PCR court, and the State argued both that Mahnesmith failed establish a prima facie case and that his claim with respect to FECR022424 was time-barred. PCR counsel conceded, "this case is clearly outside the three-year statute of limitations, and the county attorney is correct about that." But PCR counsel argued Mahnesmith's application was not time-barred because it was based on a ground of law or fact that could not have been raised within the three-year statutory period.

The PCR court granted "[s]ummary disposition" of Mahnesmith's application, concluding it was time-barred in its entirety, determined no new ground of fact or law justified Mahnesmith's failure to file his application within the statutory period, and determined his original application did not allege any grounds for relief. The PCR court then assessed costs to Mahnesmith.

Mahnesmith appeals. He (1) alleges the PCR court erred in dismissing his PCR application as time-barred with respect to AGCR0225566 claims; (2) argues his pro se and amended PCR applications raised claims that would warrant relief if established; and (3) claims he asserted a new ground of fact or law with respect to FECR022424 that he could not have raised with within the three-year statutory period. Mahnesmith also asserts the PCR court failed to conduct an inquiry into his ability to pay costs.

## II. Standard of Review

We typically review PCR proceedings for errors at law. *Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018). Likewise, "[w]e review summary dismissals of [PCR] applications for errors at law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (citation omitted). "[T]he principles underlying [a] summary judgment

procedure apply to motions of either party for disposition of an application for [PCR] without a trial on the merits." *Id.* (first two alterations in original) (citation omitted). "In other words, for a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding." *Id.*

"[S]ummary disposition is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (second and third alterations in original) (citation omitted). We will "view the record in light most favorable" to Mahnesmith as the non-moving party. *See id.* We will "draw all legitimate inferences from the evidence in favor of" Mahnesmith. *See id.* And we are cognizant that "[t]he goal of summary disposition in PCR proceedings is to provide a method of disposition *once the case has been fully developed by both sides*." *Harris v. State*, No. 18-1013, 2019 WL 2872323, at *3 (Iowa Ct. App. July 3, 2019) (citations and internal quotation marks omitted).

## III. Discussion

### A. Dismissal of AGCR0225566 claims as time-barred

We first address Mahnesmith's contention that the PCR court erred in dismissing his claims with respect to AGCR0225566 as time-barred by Iowa Code section 822.3.

For its part, the State argues Mahnesmith invited error when his PCR counsel conceded the case was beyond the three-year statute of limitations. True, counsel stated, "Your Honor, this case is clearly outside the three-year statute of limitations, and the county attorney is correct about that." But counsel was

referring the State's argument, which provided, "Beyond that, for FECR022424, obviously our argument is statute of limitations. The conviction was January 15, 2014, in that case, which was obviously more than the three-year statute of limitations in the past." The State made no argument that AGCR0225566 claims were time-barred. So we interpret counsel's statements as a concession as to Mahnesmith's claims relating only to FECR022424 and conclude Mahnesmith did not invite error. His claims with respect to AGCR0225566 are preserved.

Section 822.3 requires PCR applications to be filed "within three years from the date of the conviction or decisions is final or in the event of an appeal, from the date the writ of procedendo is issued." Here, Mahnesmith was convicted in January 2017 in AGCR0225566, and he filed for PCR in December 2018. So his application was not filed beyond the three-year limitation found in section 822.3 with respect to his claims associated with AGCR0225566.

We conclude the PCR court erred in dismissing his claims associated with AGCR0225566 as time-barred by section 822.3.

*B. Potential grounds for relief*

Next, Mahnesmith argues the PCR court erred in concluding he did not assert issues of material fact that would support grounds for PCR. We note the PCR court's dismissal did not explicitly hinge on the existence of questions of material fact. Rather the PCR court dismissed the application because Mahnesmith's pro se application did "not identify or assert any of the grounds for relief shown in [section] 822.2."

Section 822.2 provides what grounds entitle an applicant to PCR. Those grounds include when the applicant's underlying criminal conviction or sentence

violate either the federal or state constitution. Iowa Code § 822.2(1)(a). Mahnesmith argues his applications alleged constitutional violations, which would entitle him to relief. In support of his argument, Mahnesmith points to his amended application, which alleged he received ineffective assistance of counsel in a number of respects. He also highlights his use of the phrase "UNJUST and UNREASONABL[e] Punishment" in his pro se application for relief.

With respect to his claim that he received ineffective assistance of counsel, we recognize that ineffective-assistance claims are rooted in Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution. *See State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). So successful ineffective-assistance claims entitle applicants to PCR. *See* Iowa Code § 822.2(1)(a).

Ineffective-assistance claims require an applicant to establish "(1) counsel failed to perform an essential duty[3]; and (2) prejudice resulted." *Everette v. State*, 789 N.W.2d 151, 158 (Iowa 2010) (citation omitted). Because an applicant must establish both elements to obtain PCR, if the applicant cannot establish either element then the applicant is not entitled to PCR. *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). So to survive summary judgment, Mahnesmith must put forth disputed facts that, if proven, would establish both that his counsel failed to perform an essential duty and he suffered prejudice as a result.

First, Mahnesmith alleged "his trial counsel represented that she could beat the charges and she did not investigate his case." Mahnesmith's amended petition does not clarify whether this allegation related to his trial counsel in AGCR0225566

---

[3] Counsel has no duty to make meritless claims. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996).

or FECR022424. However, at the hearing on the motion to dismiss, PCR counsel identified Letitia Turner as the attorney who stated "she could beat the charges." And the sentencing order for FECR022424, which was attached to the State's motion to dismiss, identified Mahnesmith's counsel in FECR022424 as Nellie O'Mara. So we believe Mahnesmith is claiming his counsel in AGCR0225566 failed to investigate his case. That allegation, if proven, could entitle Mahnesmith to relief under section 822.2(1)(a).[4]

But the PCR court granted Mahnesmith's motion to depose trial counsel at state expense just three weeks prior to the hearing on the motion to dismiss. That gave Mahnesmith little time to fully develop the factual basis of his claim. Because Mahnesmith was not provided adequate time to develop his claim, the goal of summary disposition was frustrated. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) ("The goal here 'is to provide a method of disposition *once the case has been fully developed by both sides*, but before an actual trial.'" (citation omitted)). So we remand this claim so Mahnesmith can fully develop it.

Second, Mahnesmith alleged counsel was ineffective because "counsel did not attempt to bind the court with a [Iowa Rule of Criminal Procedure] 2.10 motion before the plea was accepted by the court."[5] Rule 2.10(2) permits plea agreements to be conditioned on the court's concurrence with the sentence and judgment

---

[4] When counsel fails to fails to investigate reasonable defenses, counsel fails to perform an essential duty. *See Ledezma v. State*, 626 N.W.2d 134, 146 (Iowa 2001) (finding counsel failed to perform an essential duty when counsel failed to investigate reasonable defense).

[5] It is not clear whether Mahnesmith is referring to his counsel in AGCR0225566, FECR022424, or both. However, because claims relating to FECR022424 are time-barred, Mahnesmith may only assert claims relating to AGCR0225566.

agreed upon in the plea agreement. However, "if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement."[6] *See* Iowa R. Crim. P. 2.10(2). So rule 2.10 does not give counsel the ability to "bind the court"—the court is free reject the plea terms—instead it allows a defendant to condition their acceptance of the plea agreement on the court's acquiesce to the terms.

However, notice pleading standards apply to postconviction relief proceedings. See *Belk v. State*, 909 N.W.2d 185, 188 (Iowa 2017). And we think Mahnesmith's claim that counsel was ineffective in failing to "bind the court" could be interpreted as a claim that counsel was ineffective in failing to condition Mahnesmith's plea on the court's acceptance of the sentencing recommendation. *Cf. Wendland v. Sparks*, 574 N.W.2d 327, 329 (Iowa 1998) (recognizing notice pleading only requires "a short and plain statement" and "need only apprise the opposing parties of the incident giving rise to the claim and the general nature of the action" (citation omitted)). So we remand this ineffective-assistance claim for further development as well.

Third, Mahnesmith alleged counsel was ineffective because "[t]he [presentence investigation report (PSI)] was prepared by [Mahnesmith]'s former probation officer and counsel did not advise as to the PSI preparation and

---

[6] When the court refuses to comply with the terms of a plea agreement, the court must give a defendant an opportunity to withdraw the plea agreement and inform the defendant that "the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." Iowa R. Crim. P. 2.10(4).

objections."[7]  But as the State points out, Mahnesmith "does not identify any objection that his counsel should have made to the [PSI]."  In other words, Mahnesmith did not allege how counsel was ineffective with respect to the PSI.  Because Mahnesmith did not bring a cognizable claim with respect to counsel's performance relative to the PSI, counsel's conduct does not serve as a basis for PCR.

Mahnesmith also asks us to find a viable claim with respect to his pro se application.  He points to his use of the phrase, "UNJUST and UNREASONABL[e] Punishment" following his statement that he "feel[s] [his] 2014 [and] 2017 convictions[] either be terminated are [sic] ran concurrent to new charge(s) NOT consecuetive [sic]."  He argues this phrase "should have been construed as cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution and article 1, section 17 of the Iowa Constitution."  We recognize our supreme court has stated "[i]t is not our role to rewrite a pro se pleading, nor can we act as the advocate of a pro se litigant."  *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019).  Nonetheless, notice pleading standards apply, and we review Mahnesmith's claim in the light most favorable to him.  *See Belk*, 905 N.W.2d at 188.  Viewing the entirety of Mahnesmith's pro se pleading in a light most favorable to him, Mahnesmith claims the consecutive sentence on his new charge after he nearly completed three years of probation on his original sentence is unreasonable punishment.  The constitutional prohibition against cruel and

---

[7] Again, it is not clear whether Mahnesmith is referring to his counsel in AGCR0225566, FECR022424, or both.  However, because claims relating to FECR022424 are time-barred, Mahnesmith may only assert claims relating to AGCR0225566.

unusual punishment "embraces bedrock rule of law that punishment should fit the crime." *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). So we believe Mahnesmith's claim provided the State with fair notice that he was alleging his sentence is unconstitutional. *See Belk*, 905 N.W.2d at 188. So we remand this claim for further development as well.

Therefore, we conclude Mahnesmith's allegations that (1) counsel failed to investigate possible defenses in AGCR0225566, (2) counsel should have conditioned Mahnesmith's plea on the court's concurrence with the proposed sentence and (3) his sentence is unconstitutional as cruel and unusual punishment are viable. Mahnesmith should be given an opportunity to develop these claims on remand.

*C. New ground of law or fact*

With respect to claims relating to FECR022424, Mahnesmith argues his claims should not have been dismissed because they were based on a new ground of law or fact, which would serve as an exception to the three-year statutory limitation. *See* Iowa Code § 822.3 ("[T]his limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."). But the facts that he describes as newly discovered relate to AGCR0225566 not FECR022424.[8] And he points out that when he entered his guilty plea 2014 he

---

[8] At the hearing to dismiss, PCR counsel noted he needed to depose Letitia Turner to establish new facts. And as previously discussed, Turner was Mahnesmith's counsel in AGCR0225566 not FECR022424. PCR counsel noted his own investigation into "the possession of meth case," which is AGCR0225566. PCR counsel stated Mahnesmith was questioned without a Miranda warning and there was no store security footage establishing the methamphetamine was Mahnesmith's. On appeal, Mahnesmith points to these facts again as a basis to

would not have known that he would be sentenced to a consecutive prison sentence after his probation was revoked. Of course Mahnesmith was unaware his sentence could run consecutively to his AGCR0225566 sentence because he had yet to be convicted in AGCR0225566. But we do not see how that has any relevance here. Mahnesmith cannot circumvent the statute of limitations simply because he did not anticipate his future transgressions would be subject to additional punishment.

Mahnesmith also argues the PCR court should have interpreted his amended application as a freestanding actual innocence claim. *See Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018) ("[W]e adopt a freestanding claim of actual innocence that applicants may bring under our [PCR] statute."). Mahnesmith argues *Schmidt* created a new ground of law that he may rely on to present otherwise time-barred FECR022424 claims. However, PCR counsel never argued *Schmidt* amounted to a new ground of law to the PCR court. Instead, he only argued new facts allowed Mahnesmith to side-step the statute of limitations. So we find Mahnesmith's *Schmidt* claim is not preserved for our review. *See State v. Juste,* 939 N.W.2d 664, 672 (Iowa 2019) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senacaut*, 641 N.W.2d 532, 537 (Iowa 2002))). And we do not agree with Mahnesmith's assertion that the PCR court should have inferred he was claiming actual innocence under *Schmidt* because his amended petition claimed "FECR022424 is

---

side-step the three-year limitation with respect to his FECR022424 claims. But these facts relate instead to AGCR0225566.

subject to actual and or constructive possession defenses based on video footage and witnesses who were present."[9]   Mahnesmith expects too much of the PCR court.   An applicant cannot plant seeds and walk away expecting the court to nurture them to maturity to discover their true identity.   That is a job for the applicant.

Even had Mahnesmith preserved error he would fail.   True, "*Schmidt* is a new ground of law."   *Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020), *further review denied* (Nov. 4, 2020).   But it provided an avenue for relief in two instances (1) when an applicant brought an actual-innocence claim within the three-year limitation period and (2) when new facts supporting an actual-innocence claim came to light after the three-year limitation period expired and the new facts could not have been discovered earlier with due diligence.   *See Schmidt*, 909 N.W.2d at 798.   So when evidence of an applicant's actual innocence was available or could have been discovered with due diligence within the three-year period, *Schmidt* does not serve as a new ground of law to overcome the three-year statutory limitation.   *See, e.g.*, *Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019); *Bryant v. State*, 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019), *further review denied* (May 16, 2019).   Here, nothing suggests Mahnesmith could not have discovered the video footage or witnesses he references within the there-year limitations

---

[9] Mahnesmith also brings up the "beat the charges" comment.  But as previously discussed, trial counsel's statement about beating the charges did not relate to FECR022424.

period. So *Schmidt* does not provide him an exception to the statute of limitations regarding FECR022424.

### D. Mahnesmith's ability to pay costs

Mahnesmith claims the PCR court erred in ordering him to pay costs, including attorney fees, without inquiring about his ability to pay. Section 815.9(6) applies to chapter 822 proceedings. *Ruden v. State*, No. 16-0245, 2017 WL 108578, at *2 (Iowa Ct. App. Jan. 11, 2017). Section 815.9(6) states:

> If the person receiving legal assistance is acquitted in a criminal case or is a party in a case other than a criminal case, the court shall order the payment of all or a portion of the total costs and fees incurred for legal assistance, to the extent the person is reasonably able to pay, *after an inquiry* which includes notice and reasonable opportunity to be heard.

(Emphasis added.) The State concedes the PCR court failed to inquire into Mahnesmith's ability to pay before assessing costs against him as required by section 815.9(6). So we remand to determine Mahnesmith's ability to pay.

## IV. Conclusion

PCR counsel did not invite error, and the district court erred in dismissing Mahnesmith's petition in its entirety as time-barred. We remand for Mahnesmith to develop his AGCR0225566 claims consistent with this opinion. No new ground of law or fact permits Mahnesmith to assert claims as to FECR022424. On remand, the PCR court should determine Mahnesmith's ability to pay before assessing costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**