# IN THE COURT OF APPEALS OF IOWA

No. 19-1817
Filed December 16, 2020

**JAMES WILLIAMS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

James Williams appeals the district court's summary dismissal of his fourth postconviction-relief application. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

James Williams was convicted of two counts of first-degree robbery as well as assault while participating in a felony and possession of a firearm. The court of appeals affirmed his convictions and sentence. *See State v. Williams*, No. 09-0155, 2010 WL 446532, at *6 (Iowa Ct. App. Feb. 10, 2010). Procedendo issued on April 16, 2010.

More than eight years later, Williams filed his fourth application for postconviction relief (PCR). The State moved for summary disposition "pursuant to [Iowa Code] section 822.3" (2018) on the ground that "the 3 year statute of limitations . . . expired." Williams resisted, asserting he was "innocent of robbery in the first because the [S]tate failed to prove [he] participated in a crime rising to the level of robbery in the first" and his "previous counsel[] provided ineffective assistance . . . for failing to raise the issues of sufficient evidence to prove [his] involvement in a robbery first where [he] had no plan or knowledge of the use of a dangerous weapon or assault in commission of the robbery." The district court granted the State's motion.

On appeal, Williams contends "genuine issues of material fact" precluded summary disposition. *See Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002) (stating moving party has the burden to show the "nonexistence of a material fact"). Our review is for legal error. *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018).

> "Iowa Code section 822.3 generally provides a three-year statute of limitations for PCR claims." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. And where a PCR

petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Allison*, 914 N.W.2d, at 891.[1]

Williams' fourth postconviction-relief application was concededly filed well outside the three-year limitations period. Under *Allison*, "the successive PCR petition" was not "filed promptly after the conclusion of the first PCR action." *Id.* Accordingly, Williams could not avail himself of *Allison*'s limited extension.

Williams' "actual innocence" claim does not alter our conclusion. *See Schmidt*, 909 N.W.2d at 795 (concluding "the Iowa Constitution permits freestanding claims of actual innocence"). If the vehicle used to bring the claim is a postconviction-relief application, the three-year limitations period still applies. *Id.* at 798. "[T]o avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the ground of fact within

---

[1] Effective July 1, 2019, the legislature amended section 822.3 to state, "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitations periods." 2019 Iowa Acts ch. 140 § 34 (codified at Iowa Code § 822.3 (Supp. 2019)). The State filed and the district court granted the summary disposition motion before the effective date of the amendment. Although a motion to reconsider was denied after the effective date, we need not determine whether the timing of the denial triggers application of the amendment because we reach the same result by applying the conditional holding of *Allison*. *See Losee v. State*, No. 19-1702, 2020 WL 4499771, at *2 (Iowa Ct. App. Aug. 5, 2020) (noting the State's motion for summary disposition and order granting the motion were filed after the effective date of the amendment but declining to determine whether the amendment applied).

the applicable time period." *Id.*[2] Williams made no such showing. He simply argued that the evidence presented at trial was insufficient to establish he had "knowledge of" the use of "a gun." Because Williams could have gleaned his mental state well before trial, the ground-of-fact exception to the limitations period was not triggered. *Cf. id.* at 799 (noting a recantation was not available within the limitations period and the defendant could not have discovered it earlier in the exercise of due diligence). In any event, this court found against Williams on his challenge to the sufficiency of the evidence and, specifically, his knowledge of the use of a gun in the robberies. *See Williams*, 2010 WL 446532, at *5 ("It is clear Williams at least had joint constructive possession of the gun—by its proximity in the vehicle Williams was operating and due to his suspicious activity of hiding in a closet in a stranger's home after the crash" and noting "the gun was consistent with the gun used in the robberies as depicted by the surveillance videos, and also matched the description given by [a] witness.").[3]

---

[2] The district court rejected the actual-innocence claim on the merits and also concluded counsel could not have been ineffective in failing to raise opinions filed in 2018. We decline to reach the merits. *See Schmidt*, 909 N.W.2d at 799 (stating an applicant need not show a ground of fact under section 822.3 "would likely or probably have changed the outcome of the underlying criminal case in order to avoid the limitations defense" (quoting *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003))). Because the statute-of-limitations defense was raised by the State, we may base our decision on that ground, even though it was not explicitly the basis of the district court's order. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002); *Johnson v. State*, No.19-1098, 2020 WL 4497069, at *2 n.3 (Iowa Ct. App. Aug. 5, 2020).

[3] The State conceded Williams was not one of the persons who entered and robbed the establishments. He was prosecuted under an aiding and abetting theory. *See Williams,* 2010 WL 446532, at *2. The gun was found in a hidden compartment in the center console of the vehicle Williams drove from the site of the robberies. *Id.* at *5.

We affirm the district court's dismissal of Williams' fourth postconviction-relief application as time-barred.

**AFFIRMED.**