# IN THE COURT OF APPEALS OF IOWA

No. 21-1880
Filed August 30, 2023

**ELVIN MARQUETTE FARRIS,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

A postconviction applicant appeals the summary disposition of his challenge to a traffic violation. **AFFIRMED.**

Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

The Sioux City police ticketed Elvin Farris for driving while his license was suspended. When he did not appear for trial on this simple misdemeanor charge, the district court relied upon his signature bond on the ticket to enter a conviction. Farris applied for postconviction relief (PCR), noting his attorney withdrew the morning of trial and did not advise that Farris was "expected in court that day." The State moved for summary judgment.[1] The court granted the State's motion, finding no genuine issue of material fact that would entitle Farris to relief.

Farris appeals that summary disposition, claiming trial counsel provided ineffective assistance by not advising him of the consequences for failing to appear for trial. He also asserts that counsel's "abandonment of [him] prejudiced his ability to present his case to the judge."

We generally review the summary dismissal of a PCR application for the correction of legal error. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). But when the basis for relief is ineffective assistance of counsel, we review the ruling de novo. *Id.*

In finding the State was entitled to judgment as a matter of law, the district court declared that Farris "was required to appear with or without counsel." The court pointed out that no continuance had been granted. And Farris did not allege that his attorney informed him that the trial would be continued or that he did not need to appear. On this record, the court decided: "[N]o reasonable fact finder

---

[1] Summary judgment principles apply to motions for disposition of a PCR application without a trial on the merits. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002); *compare* Iowa Code § 822.6(3) (2021).

could conclude that [Farris] was denied effective assistance of counsel because no reasonable fact finder could conclude that [he] suffered any prejudice as a result of the actions or inactions of [his trial attorney]."

Because the district court's opinion identifies and considers all of the issues that Farris presented, and we approve of the analysis in its summary judgment ruling, we affirm by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d). In our view, a full opinion would not enhance existing law. Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**