# IN THE COURT OF APPEALS OF IOWA

No. 23-0660
Filed February 7, 2024

**JESSIE TEAH,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,
Judge.

An applicant appeals the dismissal of his application for postconviction
relief. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney
General, for appellee State.

Considered by Schumacher, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2024).

**SCHUMACHER, Presiding Judge.**

Jessie Teah appeals the district court's dismissal of his application for postconviction relief (PCR). The court found Teah's application was untimely, as he failed to file his application within the three-year statute of limitations. Teah argues equitable tolling should be applied to save his application from the statute of limitations. Because we conclude Teah failed to preserve the issue of equitable tolling, we affirm.

## I.  Background Facts and Prior Proceedings

On July 30, 2019, Teah pled guilty to a charge of theft in the first degree, a class "C" felony. He was sentenced to a term not to exceed ten years in prison. That sentence was suspended, and Teah was placed on a five-year probationary period. In 2020, Teah was arrested for violation of his probation. His probation was revoked in February 2021, and a period of incarceration not to exceed twelve-years was imposed.[1]

Teah filed his first PCR application on October 24, 2022. The district court dismissed the application as untimely, and our court affirmed the dismissal. *See Teah v. State*, No. 22-2065, 2023 WL 8070996, at *1 (Iowa Ct. App. Nov. 21, 2023). While the appeal was pending on his first application, Teah filed the instant application for PCR on November 2, 2022. The district court dismissed the action as untimely following a hearing on the State's motion to dismiss, finding such was

---

[1] This period of incarceration imposed at the revocation also involves another case, which is not contained in our record or involved in the instant appeal.

filed beyond the three-year statute of limitations for PCR applications.[2]  Teah appeals.

## II. Standard of Review

We review PCR applications for correction of errors at law.  *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002).

## III. Discussion

Similar to his first appeal, Teah argues that this court should adopt and apply equitable tolling to save his application.[3]  And like his first appeal, we determine Teah failed to preserve error on this issue and do not reach the merits of his claim.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  Teah did not raise the issue of equitable tolling with the district court.  His resistance to the statute-of-limitations argument in the State's motion for summary judgment states: "Applicant denies . . . and asserts matters in his First Amended Application allow him to continue seeking a remedy."  Absent from both his resistance and the district court's order is any mention of equitable tolling.  Because Teah did not raise his claim of equitable tolling with the district court, we cannot address it now.[4]  *See id.*

---

[2] A transcript for this hearing does not exist.

[3] Teah argues equitable tolling should apply when an applicant has effectively shown (1) the applicant has been pursuing his rights diligently and (2) extraordinary circumstances stood in the way to prevent a timely filing.

[4] Even if we reached the merits of whether we should apply equitable tolling as requested, Teah's application would still not survive the statute of limitations.  In a letter dated March 31, 2022, Teah's trial attorney stated what conversations they may have had regarding the immigration consequences of Teah's plea.  Teah had

And even if Teah had properly preserved his claim for equitable tolling, "this court has frequently held that equitable tolling does not apply to section 822.3." *Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 (Iowa Ct. App. Jan 9, 2020). Accordingly, we affirm the dismissal of Teah's second PCR application.

**AFFIRMED.**

---

four months after this letter to file his PCR application. Instead, he waited nearly twice as long, over seven months. Teah did not diligently pursue his rights.