# IN THE COURT OF APPEALS OF IOWA

No. 23-0502
Filed April 10, 2024

**DEONTE DWIGHT WILLIAMS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


    Deonte Williams appeals the order granting summary dismissal of his application for postconviction relief. **AFFIRMED.**


    Cathleen J. Siebricht of Siebrecht Law Firm, Pleasant Hill, for appellant.

    Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.


    Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Deonte Williams appeals the order granting summary dismissal of his application for postconviction relief (PCR) after finding it was time-barred. He filed his PCR application in February 2022, challenging the sentences imposed after he pled guilty to two counts of second-degree robbery in December 2017. The PCR court granted the State's motion to dismiss the application because it was not filed within three years of the date his conviction became final, as required by Iowa Code section 822.3 (2022). On appeal, Williams contends the PCR court erred by dismissing his application without allowing him the opportunity to fully develop the record and challenges the constitutionality of section 822.3. For the reasons below, we affirm.

We review the summary dismissal of a PCR application for correction of errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Applying our summary judgment standards to summary disposition of PCR applications, summary disposition is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there are no genuine issues of material fact, and we review the record in the light most favorable to Williams. *See id.*

Applying these standards, we agree that the State proved no issue of material fact is in dispute. The PCR application states that Williams's convictions were final in December 2017. Under section 822.3, Williams had until

December 2020 to apply for PCR from those convictions. His PCR application was filed more than one year after the limitation period expired. Because his application was untimely on its face, summary dismissal was appropriate.

Williams complains that he was not allowed an opportunity to prove his PCR application falls under the exception in section 822.3 for grounds of fact or law that could not have been raised within the three-year limitation period. But despite the PCR court twice extending the deadline to amend his application, Williams never argued that he could not raise his claim earlier. Nor did he make that argument at the hearing on the State's motion. Considering Williams's silence on the issue, the PCR court properly granted summary dismissal.[1]

Finally, Williams challenges the constitutionality of section 822.3. The issue was neither presented to nor ruled on by the PCR court. Because error was not preserved for our review, we do not address this claim on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the summary dismissal of Williams's PCR application.

**AFFIRMED.**

---

[1] Williams also claims the PCR court failed to provide notice under section 822.6(2) ("The applicant shall be given an opportunity to reply to the proposed dismissal."). But section 822.6(2) applies only to dismissals made on the court's initiative. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002).