# IN THE COURT OF APPEALS OF IOWA

No. 22-1673
Filed August 7, 2024

**ALAN LEE LUCAS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde,

Judge.


        Alan Lucas appeals the summary dismissal of his application for

postconviction relief.  **AFFIRMED.**



        William Monroe, Burlington, for appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers (until withdrawal)

and Katherine Wenman, Assistant Attorneys General, for appellee State.



        Considered by Ahlers, P.J., Badding, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**DOYLE, Senior Judge.**

Alan Lucas appeals the summary dismissal of his application for postconviction relief (PCR). He contends the PCR court erred by dismissing his application as barred under Iowa Code section 822.3 (2021) and the doctrines of issue and claim preclusion. Because Lucas's PCR application is time barred under section 822.3, we affirm the order granting summary dismissal.

**I. Background Facts and Proceedings.**

In 2011, the State charged Lucas with first-degree theft and ongoing criminal conduct for misappropriating over $157,000 of the funds invested in Covenant Investment Fund (CIF) for financial gain.

> [CIF] is a hedge fund formed by Noah Auwles, who acted as the fund's general partner. It consists of a "family" of different funds, or what is known as "a fund of a fund." Some of [CIF]'s investors complained to the Iowa Insurance Commissioner about its poor performance. Auwles was advised to break up [CIF] by liquidating each of the funds and distributing the money to the fund's investors. Auwles liquidated one of [CIF]'s funds, UltraSharp, before selling [CIF].
>
> In May 2010, Auwles sold [CIF] to Lucas for the purchase price of one dollar and Lucas's agreement to assume liability for a $62,540 debt [CIF] owed. Lucas owned a number of shell corporations that were not profitable when he took control of [CIF]. One of those corporations, Phalanx Technology Holdings, was about to be evicted from its office because it owed $9000 for rent.
>
> When Lucas took control of [CIF], it had $189,000 in the bank from the UltraSharp liquidation. Although that money was supposed to be distributed to investors, Lucas had spent between $157,000 and $167,000 of that $189,000 within a year of assuming control of [CIF]. Lucas used [CIF] funds to pay the rent for Phalanx Technology Holdings, start-up expenses for a data center Lucas wanted to build, and the salary of the person hired to raise capital for the data center. Lucas also used [CIF] funds to purchase a BMW for business and pay a number of personal expenses, including his wife's credit card debt and the property taxes on his personal residence.

*State v. Lucas*, No. 14-0458, 2015 WL 4468844, at *1 (Iowa Ct. App. July 22, 2015). After a jury found Lucas guilty as charged, the district court sentenced him to concurrent terms of ten years in prison for first-degree theft and twenty-five years for ongoing criminal conduct and ordered him to make restitution to CIF's investors. This court found sufficient evidence of Lucas's guilt and affirmed both convictions on direct appeal. *Id.* We also affirmed the restitution order. *State v. Lucas*, 14-1508, 2016 WL 1705511, at *1 (Iowa Ct. App. Apr. 27, 2016).

Lucas applied for PCR in June 2021 based on claims of prosecutorial misconduct, newly discovered evidence, and actual innocence. The State filed a pre-answer motion to dismiss, which the PCR court denied, before moving for summary dismissal. The PCR court granted the dismissal based on Lucas's failure to apply for PCR within the limitation period set out in Iowa Code section 822.3. It also found that Lucas was precluded from relitigating claims previously raised in federal court.[1]

**II. Discussion.**

Summary disposition under Iowa Code section 822.6(3) is "analogous to the summary judgment procedure." *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) (citation omitted). The court may grant summary disposition of a PCR application if it appears "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6(3). We review

---

[1] In July 2016, Lucas filed an action under 42 U.S.C. § 1983 in federal district court based on alleged violations of his constitutional rights, which the court dismissed. In November 2017, Lucas filed another action in federal court in which he raised the same claims and petitioned for a writ of habeas corpus. The court dismissed that action with prejudice.

the PCR court's ruling granting summary disposition for corrections of errors at law. *See Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). Presuming the facts stated in the PCR application are true, the question is whether substantial evidence shows that the applicant fails to state a claim on which relief may be granted. *See id.*

Although the PCR court found multiple grounds for summary dismissal of Lucas's PCR application, it focused primarily on the limitation period for PCR applications. Section 822.3 requires that PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." There is no disputing that Lucas applied for PCR more than three years after the writ of procedendo was issued following his direct appeal. Lucas argues that his claims fall within a statutory exception to the rule.

The exception to the limitation period of section 822.3 applies when a PCR applicant relies on a ground of fact that could not have been raised within three years of the date the conviction is final. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). If a PCR applicant shows the evidence was not available during the three-year period, we consider whether it is relevant to his convictions. *See id.* A ground of fact is relevant if it "has the *potential* to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* (citation omitted). In other words, we do not consider the merits of the evidence. *See id.*

Lucas claims a Delaware judgment shows his actual innocence.[2] Because he did not obtain the judgment until after the three-year limitation period expired, Lucas argues it falls under the ground-of-fact exception to the statute of limitations. Although the judgment did not exist before the limitation period expired, it is based on the limited partnership agreement, which existed at the inception of the criminal proceedings. Thus, the issues decided in the Delaware litigation could have been raised and litigated at any time before the limitation period expired. *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) (stating that a claim of actual innocence does overcome the statute of limitations if the evidence the applicant relies on to support the claim "was available to the applicant or could have been discovered with due diligence within the limitations period"). It does not qualify as a new ground of fact that falls under the exception to Iowa Code section 822.3.

Lucas also alleges that he has evidence the prosecutor engaged in misconduct by offering at least one witness restitution in exchange for testifying against Lucas. Because the claim was neither raised in Lucas's PCR application nor decided by the PCR court, it is not preserved for our review.[3] *Goode v. State*,

---

[2] CIF is a limited partnership formed under Delaware law. In August 2018, Lucas, through CIF and its subsidiaries, asked Delaware's Court of Chancery to (1) interpret CIF's limited partnership agreement and find that its investors have no ownership or possessory property interests in CIF's property and (2) enjoin CIF's investors from maintaining dominion and control of CIF's property. The parties entered a written stipulation, and the court entered the judgment in August 2019.

The Delaware litigation is part of Lucas's ongoing efforts to collaterally attack his criminal convictions and the restitution order. In 2020, Lucas unsuccessfully tried to enjoin CIF's investors from collecting the ordered restitution based on the Delaware judgment. Using the same reasoning, he applied for PCR in 2021.

[3] The issue was not raised in Lucas's PCR application but was first mentioned in his brief in support of the PCR application. Nevertheless, the issue was not decided by the PCR court.

920 N.W.2d 520, 526 (Iowa 2018) ("As a general rule, we do not address issues presented on appeal for the first time, and we do not remand cases to the district court for evidence on issues not raised and decided by the district court.").

We affirm the summary dismissal of Lucas's PCR application based on the time bar in section 822.3. As a result, we need not consider Lucas's challenge to the other grounds on which the court granted summary dismissal.

**AFFIRMED.**